UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | CRIMINAL ACTION NO. |
| V. § | |
| § | 3:09-CR-210-B  (01) |
| JESSE WILLIAM MCGRAW § | |
| § | |
| Defendant. § | |

## PRETRIAL ORDER

| Motions due | August 12, 2009 |
|---|---|
| Responses due | August 26, 2009 |
| Proposed voir dire and jury instructions due | September 4, 2009 |
| Pretrial Conference set | September 11, 2009 at 2:00pm |
| Jury selection and trial set | September 14, 2009 |

1. This case is **set for trial** on **September 14, 2009, at 9:00 a.m.**. Counsel and the parties shall be ready for trial on that date. Any potential scheduling conflicts must be called to the attention of the Court **in writing** within ten (10) days of the date of this order.

2. By **August 5, 2009**, the government shall provide **full discovery** to the defendant in accordance with **Rule 16(a)**, FED. R. CRIM. P.  By **August 5, 2009**, the defendant shall provide full discovery to the government in accordance with **Rule 16(b)**, FED. R. CRIM. P.

3. By **August 5, 2009**, the government shall, in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), provide the defendant with all of the **exculpatory evidence** it possesses concerning the defendant.

4.	The government shall provide the defendant with all **Jencks Act material** (18 U.S.C. § 3500) on the day prior to the testimony of the witness to whom such material relates.

5.	By **August 12, 2009**, all **pretrial motions** shall be filed, and they must comply with **Local Rule 47.1**. Discovery motions and motions for a bill of particulars will be denied in their entirety unless they are limited to the specific matters actually in dispute, **after conference with opposing counsel**, as required by Local Rules 5.1(a) and (c).

6.	By **August 26, 2009**, the **government's response**, to the pretrial motions shall be filed, and **any reply** by the defendant shall be filed by **September 1, 2009**.

7.	By **September 4, 2009**, all **pretrial materials** shall be filed. Specifically, by this date:

>	a. <u>**A list of witnesses**</u> shall be filed by each party – which divides the persons listed into groups of "**probable witnesses,**" "**possible witnesses,**" "**experts**" **and** "**record custodians;**" which states the **name and address** of each witness; and which contains a brief **narrative summary** of the testimony to be covered by each witness. (Modification of Local Rule 8.1(b)).

>	b. <u>**A list of exhibits**</u> to be offered at trial shall be filed by each party. In addition, each party shall **number the listed exhibits** with gummed labels (which the parties must provide themselves); shall **exchange a complete set** of marked exhibits with opposing counsel; and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). (Modification of Local Rule 8.1(b)).

>	c. Additional copies of the **list of witnesses** and **list of exhibits** (as required by Local Rule 8.1(b)) shall be **delivered** by each party, **on the day the case is set for trial**, to the **court reporter**.

>	d. <u>**Requested jury instructions (annotated)**</u>,[1] any **motions**

---

[1] "Annotated" means that <u>each</u> proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority. Because Fifth Circuit and Supreme Court cases are the only

2

    **in limine** (which must be limited to matters actually in dispute), and any **proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel shall be filed by each party. (Modification of Local Rule 8.2(c) and (d)).

    e.  **A written statement** covering these matters shall be filed by each party: (i) the estimated **length of trial**; (ii) the status of any **plea bargaining** negotiations; (iii) any **scheduling problems** which the attorneys, parties or witnesses have during the trial docket; and (iv) **any additional matters** which would aid the disposition of this case.

    f.  **Trial briefs, if any**, shall be filed. In the absence of a specific order, trial briefs are not required but are welcomed. They should concentrate on Fifth Circuit and Supreme Court authority on the issues the parties anticipate will arise at trial.

**NOTE**: Deadlines set in this order are dates for **filing** or **delivery** of pretrial materials, **not mailing** dates.

  8.  A **final pretrial conference** in this case is set for **September 11, 2009** at **2:00 p.m.**  All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. The defendant shall be present.

  9.  **SANCTIONS will be imposed if these pretrial requirements are not met.**  If the **government** does not timely file the pretrial materials, the case will be dismissed. Any **defendant** who does not timely file the required pretrial materials will not be permitted to present witnesses or exhibits at trial.  **Failure to list a witness or an exhibit** shall be grounds for exclusion of that testimony or exhibit. This does not apply to exhibits or testimony offered for **impeachment**; and the use of unlisted exhibits or witnesses for **rebuttal** shall be permitted if the attorneys could not have

---

precedent binding on this court, the parties should – to the extent possible – rely on these sources (and/or Fifth Circuit pattern instructions) in proposing jury instructions.

reasonably anticipated their need for that evidence.

10. Questions about this pretrial order or the case should be directed to **Peggy Munroe (214/753-2740).**

SO ORDERED.

SIGNED August  3rd , 2009

                                                          JANE J. BOYLE
                                                          UNITED STATES DISTRICT JUDGE