**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 3:09-CR-210-B** |
| | § | |
| **JESSE WILLIAM MCGRAW,** | § | |
| **Defendant.** | § | |

**MOTION FOR BILL OF PARTICULARS**
**AND AUTHORITIES IN SUPPORT OF SAID MOTION**

COMES NOW, **JESSE WILIAM MCGRAW** (Mr. McGraw), by and through his counsel, Assistant Federal Public Defender John M. Nicholson, who moves this Court to enter an order, pursuant to Fed. R. Crim. P. 7(f), directing the United States of America to file a Bill of Particulars regarding Counts One and Two of the Indictment.  Mr. McGraw needs the additional requested information to inform him of the nature of the charges against him with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at the time of trial.  In particular, Mr. McGraw requests that this Court order the government to provide the information requested below.

**I.    AUTHORITIES IN SUPPORT**

Federal Rule of Criminal Procedure 7(f) expressly empowers this Court to direct the filing of "a bill of particulars where[] the information is necessary or useful in the defendant's preparation for trial." Will v. United States, 389 U.S. 90, 99 (1967) (citations omitted); see Wright, Federal Practice and Procedure: Criminal 3d, § 129 at 650 (1999) (hereinafter Wright) (citation omitted). The Court went on to note that the 1966 amendment of Federal Rule of Criminal Procedure 7(f) was "to eliminate the requirement that a defendant seeking a bill of particulars make a showing of

'cause.'" <u>Will</u>, 389 U.S. at 99, n.7.  Moreover, the purpose of the 1966 amendment to this rule was

"'to encourage a more liberal attitude by the courts toward bills of particulars[.]'"  Wright, § 129 at

647-48 (citation omitted).  Accordingly, the fact that an indictment "is sufficient is no argument

against granting the bill." <u>Id</u>. at 649-50 (citing <u>United States v. Debrow</u>, 346 U.S. 374, 378 (1953)).

In the end, the <u>Will</u> Court held "that federal trial courts have always had very broad discretion in

ruling upon requests for" a bill of particulars.  <u>Will</u>, 389 U.S. at 99 (citing <u>Wong Tai v. United</u>

<u>States</u>, 273 U.S. 77, 82 (1927)).

    As to this Circuit, "the purpose of a bill of particulars is to inform the defendant of the charge

against him in sufficient detail that he may prepare a defense and to minimize surprise at trial."

<u>United States v. Gordon</u>, 780 F.2d 1165, 1172 (5th Cir.1986) (citing <u>United States v. Diecidue</u>, 603

F.2d 535, 563 (5th Cir. 1979)); <u>see</u> <u>United States v. Moody</u>, 923 F.2d 341, 351 (5th Cir. 1991);

<u>United States v. Linn</u>, 889 F.2d 1369, 1373 (5th Cir. 1989); <u>United States v. Nixon</u>, 816 F.2d 1022,

1031 (5th Cir. 1987).  Moreover, a bill of particulars can be used to resolve ambiguity in the

definition of particular terms and to add specifics beyond those that the Constitution requires.

<u>United States v. Hajecate</u>, 683 F.2d 894, 898 (5th Cir. 1982) (citations omitted).

    In this case, the Indictment and the discovery to date do not provide sufficient information

to identify the particular alleged criminal activity that the government will attempt to prove at trial.

That is, what is the particular computer described in Count I of the indictment, what is the particular

malicious program, code, and command that Mr. McGraw allegedly transmitted to this computer,

and how did Mr. McGraw intentionally damage it?  For Count II of the indictment, what is the

particular malicious program, code, and command that Mr. McGraw allegedly transmitted to the

HVAC computer and how did Mr. McGraw intentionally damage it?  Without knowing information

related to the aforementioned issues, Mr. McGraw cannot adequately prepare for trial; such a failure violates Mr. McGraw's various constitutional rights found in the Fifth and Six Amendments to our Constitution.  With this in mind, Mr. McGraw makes the following requests:

## II.   <u>REQUESTED BILL OF PARTICULARS</u>

### COUNT I-Transmitting a Malicious Code

1.   Please describe and identify exactly the particular computer described.  If there is more than one computer, please identify it / them.

2.   Please identify the malicious program, code, and command that Mr. McGraw transmitted to this computer.  If there is more than one program, code, and command, please identify it /them and to which computer(s) Mr. McGraw transmitted it.

3.   Please describe how Mr. McGraw damaged this computer.  If there is more than one type of damage or damage to more than one computer, please so advise.

4.   Please describe how it is known that the this damage to the computer was intentionally inflicted.  If there is more than one instance of intentionally inflicted damage, please so advise.

5.   Please describe the date of the offense with more specificity than "from in or about April 2009 and continuing through in or about June 2009."  Does the government allege that Mr. McGraw transmitted the same malicious code on numerous occasions to the same computer during this time period?  Or, does the government alleged that Mr. McGraw transmitted different malicious codes on a single occasion each to the same computer?

### COUNT II-Transmitting a Malicious Code

1.   Please identify the malicious program, code, and command that Mr. McGraw transmitted to this computer.  If there is more than one program, code, and command, please identify it /them and to which computer(s) Mr. McGraw transmitted it.

2.   Please describe how Mr. McGraw damaged this computer.  If there is more than one type of damage or damage to more than one computer, please so advise.

3.   Please describe how it is known that the damage to the HVAC computer was intentionally inflicted.  Please describe in detail what damage was done.  If there is more than one instance of intentionally inflicted damage, please so advise.

4.    Please describe the date of the offense with more specificity than "from in or about April 2009 and continuing through in or about June 2009."

The government has provided the defense with discovery that suggests that the government believes that Mr. McGraw has committed computer-related offenses other than the ones vaguely described in the indictment.  While the defense appreciates that the government appears to err on the side of caution with its disclosure of discovery, the defense is left to wonder at exactly what the government believes are the offenses in counts I and II and what, on the other hand, is extraneous.

Similarly, the broad nature of the Indictment makes basic defense tasks, such as identifying the date of the alleged offenses, impossible to determine.  For example, in Count I of the Indictment, does the government allege that Mr. McGraw transmitted the same malicious code on numerous occasions to the same computer from April 2009 through June 2009?  Or, does the government allege that Mr. McGraw transmitted different malicious codes on a single occasion each to the same computer from April 2009 through June 2009?  Or, does the government allege that Mr. McGraw transmitted the same malicious code to multiple computers?

Turning to the allegation that Mr. McGraw transmitted a malicious program, code, and command, the defense does not know which *specific* program, code, and command to which the two counts of the Indictment refers.  From reviewing the discovery in this case, it appears that the government alleges that Mr. McGraw transmitted at least three unauthorized programs to computers at 9301 North Central Expressway.  Which particular program(s) is alleged in Counts I and II is important when determining if it is malicious, caused damaged, and, if so, if Mr. McGraw intentionally inflicted the damage.

Mr. McGraw is not facing trial for being a "hacker," inciting others to be "hackers," or

4

general malfeasance involving the computers at 9301 North Central Expressway.  Rather, Mr. McGraw is facing trial for allegedly committing specific illegal acts on specific computers.  Absent the above-requested clarification, the defense cannot know what these specific alleged acts are and, as a result, cannot properly prepare for trial.

Respectfully submitted,


/s/ John M. Nicholson
John M. Nicholson
Assistant Federal Public Defender
Northern District of Texas
Texas Bar # 24013240
525 Griffin Street, Suite 629
Dallas, Texas 75202
214.767.2746
214.767.2886 (facsimile)
john_nicholson@fd.org

Attorney for Jesse McGraw

## <u>CERTIFICATE OF CONFERENCE</u>

I, John M. Nicholson, hereby certify that I conferred with the Assistant United States Attorney that is assigned to this case, Ms. Candy Heath, and learned that the government is opposed to relief requested in this motion.

/s/ John M. Nicholson
John M. Nicholson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 7, 2009 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means: Assistant U. S. Attorney Candy Heath at candina.heath@usdoj.gov.  A copy of the foregoing document was also served by hand-delivery to Ms. Heath at 1100 Commerce St., Third Floor, Dallas, Texas.

/s/ John M. Nicholson
John M. Nicholson