UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:09-CR-210-B |
| § | |
| JESSE WILLIAM MCGRAW, § | |
| Defendant. § | |

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The Defense respectfully files this reply to the government's response to the defendant's motion for a Bill of Particulars.

**I.      The Defense's Motion for a Bill of Particulars**

Mr. McGraw faces a two-count Indictment that alleges violation of 18 U.S.C. § 1030(a)(5)(A) (Transmitting a Malicious Code). From reviewing the criminal complaint, the government's case against Mr. McGraw at his detention hearing, the Indictment, the initial discovery, and communications with the government, the defense concluded that the government was is alleging that Mr. McGraw committed some type of general malfeasance upon the computers located at 9301 North Central Expressway, but rather that Mr. McGraw had committed a specific crime with two specific computers located at 9301 North Central Expressway.

In particular, the defense understood the government's theory for Count One to be that Mr. McGraw physically accessed a specific computer at 9301 North Central Expressway (referred to by the government as the "pink flamingo" computer), removed that computer's anti-virus software, and then transmitted a "botnet" to the computer. The discovery in this case

includes a "YouTube" video that purports to correspond to this allegation. The defense understood the government's theory for Count Two to be that Mr. McGraw physically accessed the HVAC computer at 9301 North Central Expressway and then installed a remote-access program named "Log-Me-In." The discovery in this case includes records from the "Log-Me-In" business that purport to correspond to Mr. McGraw's subsequent use of the Log-Me-In software to remotely access the HVAC computer.

With these two theories of prosecution in mind, the defense began to prepare for trial. However, over the recent weeks, the government has provide additional discovery to the defense. From reviewing this discovery, a proposed "factual resume" offered by the government, and subsequent communications with the government, the defense has formed the conclusion that the government intends to offer evidence at trial that does not correspond to either of the above-described theories and is beyond the scope of the indictment. In order to ensure that Mr. McGraw is tried only for the specific crimes alleged in the indictment, the defense filed a motion for a bill of particulars.

## II.    The Government's Reply

The government opposes a bill of particulars in this case for a number of reasons. Chief among them is the government's contention that, between the discovery provided to the defense and the government's proposed factual resume, Mr. McGraw cannot claim unfair surprise at trial. The problem with this reassurance, however, is that the government's allegations against Mr. McGraw in the discovery and factual resume are much broader and numerous than the charges in the Indictment. For example, in its reply motion, the government writes that "[t]he government advised the defense that at least fourteen computers had been compromised by McGraw [and

that] two of the fourteen computers accessed and compromised by McGraw provid[e] a basis for the two count Indictment." It appears from this pleading that the government believes that it may offer evidence as to any of the fourteen alleged computers at trial and it is up to the defense to either prepare a defense that accounts for each computer or properly divine which computer or computers are the subject of Count I. By the same token, it appears that the government believes that it need not specify which "malicious" code corresponds to Count I so long as, at trial, the government proves that Mr. McGraw transmitted *a* malicious code (that gave Mr. McGraw the potential to modify and impair medical examinations, diagnoses, treatments, or care of patients) to *any* computer at 9301 North Central Expressway that .

     Similarly, the defense does not believe that the government has adequately notified the defense as to which alleged malicious code is the basis of Count II. From the discovery and factual resume, it appears that the government believes that Mr. McGraw violated Count II in three to four distinct ways. Once again, it appears that the government believes that it need not specify which "malicious" code corresponds to Count II so long as, at trial, the government proves that Mr. McGraw transmitted *a* malicious code to the HVAC computer.

     Lastly, the discovery and factual resume in this case include alleged wrongful acts by Mr. McGraw that do not correspond to either count of the Indictment. For example, the government alleges that Mr. McGraw stole, used, and then returned a laptop computer from 9301 North Central Expressway. Between the lack of FRE 404(b) notice and the government's response to an email by the defense, it is clear that the government believes this allegation to be "part of the charged offense." Similarly, the government appears to believe that Mr. McGraw's communications with people in the E.T.A. are part of the charged offense.

**III.     Request for Hearing and Ruling**

The defense disagrees with the government about the degree of flexibility it should enjoy at trial in the context of proof on the elements.  In particular, the defense does not believe that the government should be permitted to pick and choose between computers and alleged malicious codes at trial.  The defense also disagrees with the government about which evidence is part of the charged offense.  Rather than continually interrupt the presentation of evidence with objections pursuant to Federal Rules of Evidence 401-404, the respectfully moves this Court for an expedited hearing and ruling on these issues so that the defense can continue its trial preparations.  Absent such a ruling, the defense cannot know what type of objections it ought to prepare, what types of evidence will be admissible, which witnesses to call, whether to retain an expert witness, which jury instructions to request, etc.

Respectfully submitted,

/s/ John M. Nicholson
John M. Nicholson
Assistant Federal Public Defender
Northern District of Texas
Texas Bar # 24013240
525 Griffin Street, Suite 629
Dallas, Texas 75202
214.767.2746
214.767.2886 (facsimile)
john_nicholson@fd.org

Attorney for Jesse McGraw

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2010 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means: Assistant U. S. Attorney Candy Heath at candina.heath@usdoj.gov. A copy of the foregoing document was also served by hand-delivery to Ms. Heath at 1100 Commerce St., Third Floor, Dallas, Texas.

/s/ John M. Nicholson
John M. Nicholson