IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-210-B |
| | § | |
| JESSE WILLIAM MCGRAW (1) | § | |
| also known as Ghost Exodus | § | |

## PLEA AGREEMENT

Jesse William McGraw, John Nicholson, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant:** McGraw understands that he has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** McGraw agrees to waive these rights and plead guilty to the offense alleged in Counts One and Two of Indictment, charging in each count a violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II),

Plea Agreement - Page 1

that is transmitting a malicious code. (Count two also includes §1030(c)(4)(B)(i)(IV)).

McGraw understands the nature and elements of the crime to which he is pleading guilty. He agrees that the factual resume he has signed is true and understands that it will be submitted as evidence.

3. **Sentence**: The maximum penalties the Court can impose in each count include:

   a. imprisonment for a period not to exceed ten years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a mandatory term of supervised release of not less than 2 years nor more than 3 years, which must follow any term of imprisonment. If McGraw violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which McGraw agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. costs of incarceration and supervision; and

   g. forfeiture of property.

4. **Sentencing agreement**: Pursuant to Rule 11(c)(1)(C), the government and McGraw agree that it is an appropriate disposition of the case for the sentences of incarceration imposed in Count One and Count Two to run concurrently. The parties further agree that the sentence of incarceration shall not exceed 78 months. If the Court

accepts this plea agreement, this provision is binding on the Court. Other than the recommendations for the imposition of concurrent sentences and a maximum exposure of 78 months incarceration, the Court remains free to determine the appropriate sentence, under the advisory United States Sentencing Guidelines. Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford McGraw the opportunity to withdraw his plea and advise the defendant that, if he persists in his guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by the plea agreement.

5. **Mandatory special assessment:** McGraw agrees to pay to the U.S. District Clerk the amount of $200, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement:** McGraw shall give truthful and complete information and/or testimony concerning his participation in the offense of conviction. Upon demand, McGraw shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

Plea Agreement - Page 3

7. **Voluntary Forfeiture:** The defendant agrees to forfeit all right, title, and interest in following property to the United States of America:

| | |
|---|---|
| blue notebook containing ECPA printout | 3 ring binder white ETA |
| FBI badge "liam wraith" with photo | 3 ring binder white Anti New World Order Domestic Intelligence Survival Handbook |
| hacker meeting notes | sunglasses |
| grey hoodie | On Line Business Guide |
| 6 DVD's<br>3 blank<br>-night of living dead<br>-pirates of the caribbean<br>-remix music video | AT&T Modem |
| | FBI Badge |
| | 2 G memory stick with saved files from games scanning and hacking tools; |
| cell phone jammer | |
| lock pick tool kit | 5 SIM cards; 1 16 mb multimedia card |
| Security Officer patch | foldup keyboard |
| clipboard with 4 pages<br>- Alleged Hacking article<br>- Anarchist Cookbook | binoculars |
| | green notebook "The Black Friday Null" |
| Dell Lattitude laptop service tag 1PRQGC1 | manila folder with<br>- Issac Guest (6 pages)<br>- gmail (11 pages)<br>- 3/15/09 lined paper and death threats |
| Ironhorse CD-R | |
| Compaq desktop sn#CNH54Y0JQ2 | |
| GPS | |
| gas mask (costume) | Listing of standard assignments port numbers (p2-252) |
| definition list (4 pages) | |
| CD-R enter the matrix - patch for game | User Manual Portable Mobile Signal Jammer |
| 3 ring binder black | McGraw business card |

| | |
|---|---|
| Blue Body Armor | thumb drive Oph Crack |
| credit card skimmer/reader | 4 g memory card - left for dead game files and photos of mcgraw computer at CC |
| 6 credit cards<br>DL McGraw<br>Voter's card Gonzalez<br>paper with Sander's info<br>paper with phone numbers<br>exodus network security card | AT&T cell phone (slide out) |
| | motorola silver flip |
| | yellow notebook |
| CD-R ghostexodus tool box, "leached" folder containing checking account numbers; identifiers; 12 different usernames and passwords; levi strauss computer information | composition book |
| | Paper tab marked trojan |
| | security plus book |
| | Security card in plastic clear case |
| CD-R file back ups 3/13/09 encrypted files | paper with commands to hacking a WEP |
| hallowed out book | red book security study guide |
| CD-R contains toolkit for hacking | pen with USB thumbdrive |
| ID making kit & document manufacturing kit | sony playstation with 4 G memory stick, containing instructions for hacking WEP and images of ETA |
| reserved | Motorola silver cell phone |
| Red Wallet | Sony Laptop SN 28312230-3517531 |
| Carrell Clinic security card | travel power car adapter |
| Non-Commissioned Security Officer card from TDPS | |
| DL McGraw | |

The defendant agrees the above-described property was used or intended to be used to commit or to facilitate the commission of the offenses alleged in Counts One And Two of

the Indictment and was derived from proceeds traceable to those offenses. The defendant agrees to the forfeiture of the above-described property to the United States of America as a result of his conviction for the offenses alleged in Counts One and Two and pursuant to 18 U.S.C. § 1030(j). The defendant consents to the entry of orders of forfeiture for the above-described property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure regarding the forfeiture proceedings (including notice through a forfeiture allegation). The defendant acknowledges and understands that the forfeiture of the above-described property is part of the sentence which may be imposed in this case and waives any requirement of the Court to advise him/her of the same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the above-described property. The defendant waives all challenges (constitutional, statutory, habeas, etc.) to the forfeiture of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of the above-described property.

8. **Government's agreement:** The government will not bring any additional charges against McGraw based upon the conduct underlying and related to defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government

will dismiss, after sentencing, the remaining charges in the pending indictment/information as to McGraw. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against McGraw or any property.

9.   **Violation of agreement:** McGraw understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute McGraw for all offenses of which it has knowledge. In such event, McGraw waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, McGraw also waives objection to the use against him of any information or statements he has provided to the government, including any resulting leads.

10.   **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats or of promises apart from those set forth in this plea agreement.

11. **Waiver of right to appeal or otherwise challenge sentence**: McGraw waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. McGraw, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: McGraw has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. McGraw has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, McGraw has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

JAMES T. JACKS
UNITED STATES ATTORNEY

*[signature]*     1-28-2010
CANDINA S. HEATH     Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.2846
candina.heath@usdoj.gov

APPROVED:

*[signature]*     1-28-10
LINDA C. GROVES     Date
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

*[signature]*     1-29-10
JESSE WILLIAM MCGRAW     Date
Defendant

I am the Jesse William McGraw's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

*[signature]*     1-29-10
JOHN NICHOLSON     Date
Attorney for Defendant

Plea Agreement - Page 9