IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-210-B |
| | § | |
| JESSE WILLIAM MCGRAW  (1) | § | |

GOVERNMENT'S MOTION TO WITHDRAW,
RESCIND, AND VOID PLEA AGREEMENT

The United States of America respectfully files this Motion to Withdraw, Rescind, and Void Plea Agreement.

1. During plea negotiations, the government offered the defendant the opportunity to plead guilty with the benefits provided in the Plea Agreement filed on February 2, 2010. On or about February 17, 2010, McGraw's attorney advised the undersigned and the Court that McGraw did not want to plead guilty.  After McGraw refused to plead guilty and demanded a trial, this Honorable Court vacated the rearraignment setting and reset the matter for trial in May 2010.

2. Since the Plea Agreement will not be consummated, and since the failure to plead guilty constitutes a violation of the agreement's terms, the Plea Agreement should be deemed null and void.  Pursuant to paragraph 9 of the Plea Agreement, McGraw's violations release the government from its obligations created in the Plea Agreement.

**Motion to Withdraw, Rescind, and Void Plea Agreement - Page 1**

3.      The general principles of contract law apply to plea agreements.  *United States v. Ballis*, 28 F.3d 1399, 1409 (5th Cir.1994); *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir.1999).  "[I]f a defendant materially breaches his obligation under a plea agreement, the government is released from its obligations under that compact."  Id.  In moving to rescind a plea agreement, the moving party must prove a material breach by a preponderance of the evidence.  *Bickham Lincoln-Mercury Inc. v. United States*, 168 F.3d 790, 793 (5th Cir.1999); *United States v. Lewis*, 476 F.3d 369, 387 (5th Cir. 2007).

4.      If a party is deprived of the benefits of the bargain, the breach is material.  *United States v. Castaneda*, 162 F.3d 832, 838 (5th Cir.1998).  The Fifth Circuit has permitted "the government to rescind plea agreements when the defendant fails to act consistently with the bargain he made."  *United States v. Castro*, 118 F.Supp 2d 711, 712 (E.D.La., 2000).  The Fifth Circuit found a plea agreement breached when a defendant testified untruthfully and withheld information.  *Ballis*, 28 F.3d at 1409.  Likewise, the defendant's failure to answer question, or providing evasive and misleading answers, constituted a violation of the plea agreement.  *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir.1976).

5. In the Plea Agreement signed in the instant case, McGraw promised the following:

    a. "McGraw agree[d] to . . . plead guilty." (¶ 2);

    b. McGraw agreed to waive his rights to plead not guilty, to have a trial by jury, to make the government prove his guilt, and to confront and cross-examine the government witnesses. (¶ 1);

    c. McGraw agreed to "give truthful and complete information and/or testimony concerning his participation in the offense." (¶ 6); and

    d. McGraw agreed to voluntarily forfeit the items listed in the plea agreement. (¶ 7).

The government materially relied on the promises made by McGraw. Since McGraw has reneged on his promises, the Plea Agreement should be declared null and void and the government should be released from its obligations under the agreement.

6. The government respectfully requests that this Court declare the Plea Agreement signed and filed but not consummated null and void.

                              Respectfully submitted,

                              JAMES T. JACKS
                              United States Attorney

                              S/ Candina S. Heath
                              CANDINA S. HEATH
                              Assistant United States Attorney
                              Texas State Bar. No. 09347450
                              1100 Commerce Street, 3d Floor
                              Dallas, Texas  75242
                              Telephone: 214.659.8600

**CERTIFICATE OF CONFERENCE**

I hereby certify that on or about March 2, 2010, I telephoned John Nicholson to advise him of my intent to file this motion, and requested his position. On or about March 3, 2010, John Nicholson advised the undersigned that he did not oppose the motion.

                                     S/ Candina S. Heath
                                     CANDINA S. HEATH
                                     Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2010, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to John Nicholson, attorney for McGraw, who consented in writing to accept this Notice as service of a document by electronic means.

                                     S/ Candina S. Heath
                                     CANDINA S. HEATH
                                     Assistant United States Attorney