UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v.  § | Case No. 3:09-CR-210-B |
| § | |
| JESSE WILLIAM MCGRAW, § | ECF |
| Defendant. § | |

### DEFENSE'S UNOPPOSED MOTION FOR HEARING TO DETERMINE DEFENDANT'S CHOICE REGARDING COUNSEL

TO THE HONORABLE JUDGE JANE J. BOYLE:

The defense respectfully moves this Court for a hearing so that undersigned counsel, this Court, and government may learn how Mr. McGraw chooses to proceed in this case in regards to his counsel and right to counsel. Specifically, the defense requests a hearing so that Mr. McGraw may advise this Court if he: 1) wishes to proceed *pro se* either with or without a standby counsel, 2) wishes to ask this Court for a continuance so that he or his family can try to secure the necessary funds to hire an attorney to replace undersigned counsel, or 3) wishes to convey to this Court reasons why it should dismiss the Federal Public Defender's Office and appoint another attorney to represent him. In support of this motion, the defense presents the following:

Procedural History

On June 26, 2009, Special Agent Ajeet Singh of the F.B.I. swore to an affidavit in support of a Criminal Complaint against Mr. McGraw. Mr. McGraw was arrested the same day. On June 29, 2009, the government filed a motion to detain Mr. McGraw. Also on June 29th, the Honorable Magistrate Judge William F. Sanderson, Jr. appointed the Federal Public Defender's

Office to represent Mr. McGraw.  Judge Sanderson also scheduled a probable cause and detention hearing for July 1, 2009.  Undersigned counsel filed his notice of appearance on June 30, 2009 and has represented Mr. McGraw ever since.

On July 1, 2010, Judge Sanderson conducted the probable cause and detention hearing.  At this hearing, Special Agent Allyn Lynd of the F.B.I. testified for the government and undersigned counsel cross-examined. him.  Mr. McGraw's wife testified for the defense and government counsel cross-examined her.  After hearing from both witnesses and considering the arguments of government counsel and undersigned counsel, Judge Sanderson found probable cause and ordered Mr. McGraw detained until trial.  Although Judge Sanderson did not find that Mr. McGraw posed a risk of flight, he did rule in the detention order that, in his [Judge Sandeson's] opinion, Mr. McGraw posed "a serious risk of obstruction of justice and a danger to the safety of others and to the community."  Accordingly, Mr. McGraw has been in pretrial custody since his arrest.

On July 22, 2009, the government secured an Indictment against Mr. McGraw.  In count one, the Indictment alleges violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i)(II) (Transmitting a Malicious Code).  In count two, the Indictment alleges violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i)(II) and (IV) (Transmitting a Malicious Code).

In January of 2010, the defense and the government filed opposing motions regarding the defense's motion for a Bill of Particulars.  Prior to ruling on the matter, Mr. McGraw agreed to a plea agreement and, after revision, a corresponding factual resume.  The government filed both of these documents on February 2, 2010.  After the government filed these documents, but just prior to the day on which Mr. McGraw was scheduled for re-arraignment, Mr. McGraw

communicated to undersigned counsel that he did not wish to plead guilty in accordance with the plea agreement and factual resume. In light of this development, this Court rescheduled Mr. McGraw for trial, which is presently scheduled to begin on May 24, 2010.

Since the return of the Indictment on July 22, 2009, this Court has continued trial in this matter three times. Two of the continuances have been at the request of the defense. The defense felt these continuances to be necessary due to the time-consuming nature of the review of discovery in this case and that fact that, as its investigation continued, the government discovered new evidence which it subsequently disclosed to the defense. The third continuance of trial in this matter was not requested by either party. Rather, it was necessitated by the above-described series of events pertaining to the plea agreement and factual resume.

<u>Why a Hearing is Necessary</u>

Over the nearly 9 months that the Federal Public Defender's Office and undersigned counsel have represented Mr. McGraw, members of the F.P.D. Office have diligently worked to protect his rights. Members of the F.P.D. office have: reviewed the voluminous documentary and electronic discovery provided by the government, performed independent forensic review of a mirror-image of all of the hard-drives of the relevant computers, searched the internet for various relevant video and other postings, conducted witness interviews, held strategy and review meetings within the F.P.D. office, discussed the case at length (at Mr. McGraw's request) with his family members, composed and sent a "discovery letter" to the government, printed hundreds of pages of documents for Mr. McGraw's review, negotiated (at Mr. McGraw's request) the now-withdrawn plea agreement and factual resume, corresponded with Mr. McGraw at length, prevented a local reporter from interviewing Mr. McGraw, and met with Mr. McGraw at FDC

Seagoville on multiple occasions. Between undersigned counsel, Dan James (the senior Investigator for the FPD Office), Richard Anderson (the Federal Public Defender for the Northern District of Texas), and the paralegal assigned to this case, the FPD Office has worked over 560 labor-hours on Mr. McGraw's case.

Towards the beginning of this case, Mr. McGraw was very pleased with undersigned counsel and Mr. James. Mr. McGraw and undersigned counsel discussed the matters common to all attorney-client relationships, such as the relative advantages and disadvantages of trial, jury instructions, evidence, witnesses, etc. Mr. McGraw was always professional, even if he disagreed with counsel's take on the facts or the law. Similarly, Mr. McGraw's wife, who calls undersigned counsel for updates at least weekly, has always been civil and courteous. Then, in December of 2009, Mr. McGraw changed his mind about the quality of his representation. Counsel's duty to Mr. McGraw and the necessity of keeping confidential communications private precludes counsel from advising this Court of the specifics of Mr. McGraw's statements and letters. Suffice it to say, however, that Mr. McGraw is very dissatisfied with the F.P.D. Office and views undersigned counsel, Mr. Anderson and Mr. James not as advocates, but as adversaries.

Although comparatively rare, it is not unheard of for a FPD client to become as unhappy with the FPD office as Mr. McGraw is at present. What is a true rarity, however, is that Mr. McGraw filed a grievance against undersigned counsel. The State Bar of Texas received the grievance form (which undersigned counsel previously sent to Mr. McGraw ) on February 24, 2010 and, in a letter dated March 1, 2010, dismissed the grievance. Counsel does not know if Mr. McGraw intends to press his complaint to the Board of Disciplinary Appeals. It does seem

likely, however, that either undersigned counsel or Mr. Anderson presently are (or soon will be) litigants with Mr. McGraw in the State Bar proceedings since, at Mr. McGraw's request, counsel has provided him with an additional grievance form so that he may file a grievance against Mr. Anderson.

Undersigned counsel's last communication from Mr. McGraw tersely advises that he has "fired" undersigned counsel.  As counsel understands it, defendants may not "fire" attorneys that are appointed to them by the Court.  Rather, only the Court may dismiss an attorney appointed to represent a defendant.

Relief Requested

A client's relationship with his counsel and a defendant's right to counsel are two of the most important aspects of a criminal case.  Mr. McGraw has raised a number of issues that pertain to his right to counsel and the F.P.D. Office.  Undersigned counsel is very reluctant to involve the Court in this matter.  However, undersigned counsel, Mr. Anderson, and Mr. James have exhausted all known methods of resolving this matter.  Counsel requests a hearing on this matter so that, rather than continue to consume time and energy on this issue, the F.P.D. office may spend its time and resources either preparing for, as Mr. McGraw chooses it, trial or a guilty plea.

Due to the lack of available alternatives, the defense respectfully moves this Court for a hearing so that Mr. McGraw can: 1) advise this Court that he wishes to *pro se* either with or without a standby counsel, 2) ask this  Court for a continuance so that he or his family can try to secure the necessary funds to hire an attorney to replace undersigned counsel, or 3) convey to this Court reasons why he thinks this Court should dismiss the Federal Public Defender's Office and

appoint another attorney to represent him

                                      Respectfully submitted,

                                      /s/ John M. Nicholson
                                      John M. Nicholson
                                      Assistant Federal Public Defender
                                      Northern District of Texas
                                      Texas Bar # 24013240
                                      525 Griffin Street, Suite 629
                                      Dallas, Texas 75202
                                      214.767.2746
                                      214.767.2886 (facsimile)
                                      john_nicholson@fd.org

                                      Attorney for Jesse McGraw

## CERTIFICATE OF CONFERENCE

       I, John M. Nicholson, hereby certify that I conferred with Candy Heath, AUSA on the above-referenced motion, and learned that the government does not oppose the relief requested buy this motion.

                                      /s/ John M. Nicholson
                                      John M. Nicholson

## CERTIFICATE OF SERVICE

       I hereby certify that on March 17, 2010 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means: Assistant U. S. Attorney Candy Heath at candina.heath@usdoj.gov. A copy of the foregoing document was also served by hand-delivery to Ms. Heath at 1100 Commerce St., Third Floor, Dallas, Texas.

                                      /s/ John M. Nicholson
                                      John M. Nicholson