ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 MAR 24  PM 2: 48

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

V.

JESSE WILLIAM MCGRAW                    CASE NO. 3:09-CR-210-B

---

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR REVIEW OF, AND RELEASE FROM HIS PRETRIAL DETENTION ORDER

---

MOTION FOR PERSONAL RECOGNIZANCE
BOND RELEASE

MOTION FOR PERSONAL RECOGNIZANCE
BOND RELEASE
I.

To Honorable Judge of said court, Defendant requests a personal recognizance
bond for release until further court proceedings.

Defendant will show to said court has a medical condition that afflicts the
Defendants wife, BEATRIZ BRACHO MCGRAW with hypoglycemia, which is a serious
illness. Attached to motion are various medical documents which include:

One letter from Defendants wife's Diabetes specialist stating "Her diabetes
is uncontrolled and she suffers from severe hypoglycemia." Two sheets regarding
an emergency response from Arlington Fire Dept, EMS which states her at the time of
the report to be "unconscious with no motor, verbal or eye coordination." Time
of the incident was recorded on sheet as 0530 am.

Defendant and his wife have a child 19 months of age, Defendants wife and child
need Defendants assistance.

II.

Defendant pleads pursuant to (ESTELLE VS GAMBLE) 429 US 97, 50 L ED 2D 251,
97 S CT 285. A pro-se complaint, however inartfully pleaded, must be held
less stringent standards than formal pleadings drafted by lawyers and can
only be dismissed for failure to state a claim if it appears beyond doubt
that the movant can prove no set of facts in support of his claim which would
entitle him to relief. 50 L ED 2D at 255.

III.

The Defendant therefore prays to said Honorable Court for relief and reversal
of the Magistrates detention order.

X _Jesse W. McGraw_

RESPECTFULLY SUBMITTED


JESSE WILLIAM MCGRAW
REG. 38690-177
FCI, PO BOX 9000, Seagoville
TX, 75159-9000

REASONABLE CONDITION OF RELEASE

A defendant should only be detained before trial upon a government showing by clear and convincing evidence that no possible release condition or set of conditions will reasonably assure the safIty of the community, and by a preponderance of the evidence that no condition or set of conditions will reasonably assure the Defendants appearance. United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985). It is an error to interpret the "reasonably assure" standard as a requirement that the release conditions "guarentee" the defendant's appearance or community safety "contradicts both the framework and the intent of the pretrial release and detention provision of the 1984 Act." ID.

Section 3142(g) provides that the Court must consider four factors in determining whether there are no conditions of release that will reasonably assure the appearance of the defendant and the safety of the community. The factors are, generally, (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and personal characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. 3142(g) Proper consideration of the factors indicate that the Defendant should be allowed release with reasonable conditions.


In United States v. Stark, 02-CR-1006 (ARR) (E.D.N.Y. 2002), as part of the defend-ants conditions of pre-trial release, the district court imposed restrictions that encompassed the defendant not being allowed to possess any type or form of computer at his residence, and should defendant obtain employment that required him to work with or around computers, then pre-trial services was to be notified for investig-ation and subsequent approval or denial of defendant's employment.  Also, defendant was subjected to electronic monitoring as an added precaution against flight risk and GPS monitoring of movement.

FACTUAL BACKGROUND

The defendant JESSE WILLIAM MCGRAW is 25 years old and has no prior criminal convictions. He has longstanding ties to the community and has lived in Dallas County for 7 years. Prior to residing in Texas, He was raised in San Diego County California since the age of two. He majored in Music and Multimedia at Mira Costa College and Giacolettii School of Music. Defendant has never left the United States, and does not possess a passport. Defendant has no gaps in his employment history.

Defendant was accused during his probable cause, bond, and detention hearing of transmitting a malicious code to NASA computers and Dallas PD Aviation Unit computers. There was no evidence provided during these hearings that the Defendant had compromised any NASA or DPD Aviation computers. A statement was provided by both NASA and DPD stating that the alleged breach(es) had never occured. An FBI Agent did also accuse the Defendant of possessing up to five various names registered to the Defendant under his social security number, however this statement was not factual nor justified by an affidavit from social security.

It is quite clear that the Defendant  is not a flight risk nor a danger to the community based on clear and convincing evidence.

The defendant therefore prays to said Honorable for relief from incarceration and reversal of Magistrate's detention order.

## NATURE OF THE OFFENSE

The defendant is charged in a two count indictment- transmitting a malicious code. (U.S.C.S. 1030) Based on discovery of evidence and the over all nature of the offense as it relates to the defendant; being that no individuals or parties were harmed or in danger; being that the nature of the offense was non violent, the nature of the offense should weigh in favor to the Defendant.

## WEIGHT OF THE EVIDENCE

The government's evidence was presented by one special agent's summary testimony. Much of his testimony was conclusory, speculative, and based on hearsay. The Defendant recognizes that relaxed forms of testimony are generally allowed in detention hearings, however while  the broad-brush nature and substance of Agent Lynd's testimony may have established the general parameters of an offense, it lacked the precision necessary to ascribe accurately the Defendant's role in it. And counsel for the Defendant was unable to pointedly cross-exam the witness for want of Jencks production ~~as described infra~~. It is clear that the magistrate judge gave great weight to the testimony and, the Defendant submits, improperly so.

## DEFENDANT'S HISTORY AND PERSONAL CHARACTERISTICS

The Defendant's criminal record is relevant for consideration as to his history and characteristics. See 18 U.S.C. §3142(g)(3)(A). Mr. McGraw has no prior criminal history which should weigh favorably for release. The Court should also consider Mr. McGraw's personal characteristics and family ties. The pretrial services report and the proffered testimony show that he has resided in Dallas County, Texas, area for at least seven years and lives with his wife and daughter while supporting them financially. McGraw's wife Beatriz has offered to monitor the Defendant and assured the Court that Jesse McGraw will not be a flight risk or obstruct justice.

ECONOMIC DANGER TO THE COMMUNITY

Evidence at hearing established that the government has essentially shut down any
ongoing criminal activity through the execution of search and seizure warrants
in June 2009. The government also has seized virtually all of the defendants ~~assets~~
by seizure warrents. *computer & electronic equipment*

Economic danger to the community is not the type of danger that Congress intended
to take away someone's liberty. Courts narrowly recognize the possibility of
economic harm and "rarely conclude that economic harm presented rises to the level
of danger to the community for which someone should be detained" under Section
3142. See United States v. Madoff, 586 F. Supp. 2d 240, 254 (S.D.N.Y. 2009).
Any "economic danger" to the community could easily be limited by reasonable
conditions. See Byrd, 969 F.2d at 110.
The record does not support the finding that there are "no reasonable conditions"
for the Defendant's release. A number of conditions have been found reasonable
even for serious violent criminals: electronic monitoring in the home; restricted
communications to only attorneys and individuals approved by the court; video
surveillance at the Defendant's residence at his own expense; use of only one
telephone line that may be monitored; an agreement to forfeit large sums of
money upon determination that a violation of a condition has resulted; being
subject to unannounced searches by FBI agents, pretrial services, or by other law
enforcement agencies. United States v. Patriarca, 94 F.2d 789 (1st Cir. 1991).
The Defendant submits that one or a combination of conditions could "reasonably"
limit the alleged risk of flight and minimal potential economic danger to the
community.

CONCLUSION

For all of the reasons herein above set forth, there are conditions that will
reasonably assure the Defendant's appearance at all future hearings in this case,
and that will also assure the safety of other persons and the community.
Accordingly, we pray this court follows pretrial service's determination that the
Defendant is not a flight risk and not a threat to society. The Defendant is also
willing to abide by any other conditions the Court may deem appropriate. Wherefore,
premises considered, we respectfully ask that the Defendant be released on his own
recognizance or with reasonable conditions.

I, JESSE WILLIAM MCGRAW certify under penalty of perjury under 28 U.S.C. 1746 that these documents are true and correct on the 26th day of January 2010

X _Jesse McGraw_

RESPECTFULLY SUBMITTED
REG# 38690-177
JESSE WILLIAM MCGRAW
FCI, PO BOX 9000
SEAGOVILLE, TX, 75159-9000

Order granting/denying motion for personal recognizance bond for temporary release until further outcome of any court proceedings:
on this ___14th___ day of ___March___ 2010

_____
                    Judge



**DIABETES AND THYROID**
**CENTER OF FORT WORTH**

December 14, 2009

To Whom It May Concern:

Beatriz Bracho (08/27/1984)  is a patient I am treating for Type 1 Diabetes Mellitus.  Her diabetes is uncontrolled and she suffers from severe hypoglycemia.

Dr. Chris Bajaj
Board Certified Endocrinologist.

| Name | | | | |
|---|---|---|---|---|
| Address | | | | |
| | Age | Sex | Race | Weight |
| City | State | Zip | Doctor | |

## Initial Observed Condition

- ☐ conscious
- ☐ semi-conscious
- ☑ unconscious
- ☐ cardiac arrest
- ☐ trauma arrest
- ☐ obvious death

## Illness/Injury

- ☑ Illness
- ☐ Injury

## Past Medical History

- ☐ asthma
- ☐ cancer
- ☐ cardiac
- ☐ diabetes
- ☐ Hepatitis
- ☐ HIV
- ☐ hypertension
- ☐ terminal Illness
- ☐ kidney/renal
- ☐ other _____
- ☐ COPD
- ☐ CVA/TIA
- ☐ CHF
- ☐ drug/ETOH
- ☐ seizures
- ☐ tuberculosis
- ☐ psychiatric
- ☐ none

## Medications

## Chief Complaint

AMS

## Pt. Location in Vehicle & Impact Point

Front | Rear

Circle pt. location. Indicate impact point with arrow.

## Injury Matrix

- ☐ head
- ☐ face
- ☐ neck
- ☐ chest
- ☐ back
- ☐ abdomen
- ☐ pelvis
- ☐ upper extremity
- ☐ lower extremity

## Initial Arrest Rhythm

- ☐ asystole
- ☐ V-FIB
- ☐ V-TACH
- ☐ PEA
- ☐ Other
- ☐ shockable
- ☐ non-shockable

## Drug Allergies

- ☑ NKDA
- ☐ sulfa
- ☐ PCN
- ☐ iodine
- ☐ aspirin
- ☐ codeine

other: _____

## Restraints

- ☐ lap/shoulder
- ☐ air bag
- ☐ unknown
- ☑ child seat
- ☐ lap belt
- ☐ shoulder belt
- ☐ none

| Time Assessed | BP Sys/Dia | Pulse Rate | Pulse Rhythm | Pulse Qual | Respiration Rate | Respiration Qual | Pulse Ox | |
|---|---|---|---|---|---|---|---|---|
| _:_ | 111/03 | 110 | | | | | RA | 99 % |
| _:_ | / | | | | | | NC | % |
| _:_ | / | | | | | | NRB | % |
| _:_ | / | | | | | | O₂ | % |
| | | | | | | | Other | % |

## Blood Glucose

1st  LO  mg/dl

2nd  101  mg/dl

3rd  _____  mg/dl

## Lung Sounds

- ☐ clear   L  R
- ☐ absent/
- ☐ decreased   L  R
- ☐ wheezes   L  R
- ☐ rales/rhonchi   L  R

## Glasgow Coma Score

| Eyes | Verbal | Motor |
|---|---|---|
| | | 6 obeys |
| | 5 oriented | 5 localizes |
| 4 spontaneous | 4 confused | 4 withdraws |
| 3 to speech | 3 inappropriate | 3 flexion |
| 2 to pain | 2 garbled | 2 extension |
| ①none | 1 none | none |

## Procedures

- ☐ assisted ventilation
- ☐ backboard
- ☐ bandaging
- ☐ BGA
- ☐ bleeding control
- ☐ burn care
- ☐ cervical immob
- ☐ chest decomp
- ☐ combitube
- ☐ CPR
- ☐ cricothyroidotomy
- ☐ external defib (AED)
- ☐ FBAO
- ☐ IV fluids
- ☐ KED
- ☐ NP airway
- ☐ OB care
- ☐ OP airway
- ☐ oxygen-mask/cannula
- ☐ oxygen-other delivery
- ☐ splint/traction splint
- ☐ suction
- ☐ synch cardiovert
- ☐ transcutaneous pacing
- ☐ vagal maneuvers

## Pediatric Glasgow Coma Score

| Eyes Opening | Best Verbal Response | Best Motor Response |
|---|---|---|
| | | 6 normal spontaneous movement |
| | 5 smiles, fixes & follows | 5 localizes pain, pushes away |
| 4 spontaneous | 4 cries but consolable | 4 withdraws to pain |
| 3 to verbal | 3 persistently irritable | 3 abnormal flexion |
| 2 to pain | 2 restless, agitated | 2 abnormal extension |
| 1 no response | 1 no response | 1 no response |

## Skin

| Color | Temp | Appearance |
|---|---|---|
| ☐ ashen | ☐ cool | ☐ normal |
| ☐ cyanotic | ☐ cold | ☐ dry |
| ☐ gray | ☐ warm | ☐ diaphoretic/ |
| ☐ yellow | ☐ hot | sweaty |
| ☐ mottled | | |
| ☐ pale | | |

## Pupils

| | Left | Right |
|---|---|---|
| reactive | Y N | Y N |
| normal size | ☐ | ☐ |
| constricted | ☐ | ☐ |
| dilated | ☐ | ☐ |
| not assessed | ☐ | ☐ |
| no response | ☐ | ☐ |

## Mental Status

| | | |
|---|---|---|
| alert | Y | N |
| respond to voice | Y | N |
| respond to pain | Y | N |
| unresponsive | Y | N |
| Oriented to: | | |
| person | Y | N |
| place | Y | N |
| time | Y | N |
| event | Y | N |

## OB/GYN

Last menstrual period

Pregnant _____ mo _____ wk

# pregnancies _____

# live births _____

BOW: intact  broken

Contractions:

_____ min apart

_____ sec duration

Limbs : blue   0   absent   0   no response   0   flaccid   0   absent   0
Blue or pale

Time

—   —   —   +   —   +   —   +   —   +   —   —   +   —   —   +

1 minute APGAR score: _____      5 minute APGAR score: _____

| Patient Status | | Mode of Transport |
| --- | --- | --- |
| ☐ improved | | ☐ Arlington M _____ |
| ☐ worsened | | ☐ helicopter _____ |
| ☐ no change | | ☐ ground other _____ |

| | | |
| --- | --- | --- |
| **Intubation** | | **Missed  ETT Reasons** |

| ID# | Successful | | Tube Size |
| --- | --- | --- | --- |
| | Yes | No | |
| | Yes | No | |
| | Yes | No | |

Time Completed:

**Missed  ETT Reasons**
☐ esophageal intubation
☐ cords not seen
☐ abnormal anatomy
☐ emesis/blood
☐ other _____

**Destination Determined By**
☐ 1st responder
☐ ambulance provider
☐ patient
☐ other_____

**Advanced Directive**
☐ DNR order          ☐ massive head/
☐ decapitation           chest trauma
☐ decomposition     ☐ rigor mortis
☐ dependent lividity

**Methods Verified**
☐ breath sounds present    ☐ chest rise
☐ capnometer reading       ☐ epigastric sounds absent
☐ esophageal detector device  ☐ skin color change
☐ tub misting              ☐ vocal cords visual

| **Combitube** | | |
| --- | --- | --- |
| ID# | Successful | Time |
| | Yes      No | |

## Drug Administration

| Drug | ID # | Dose | Route | Time | Drug | ID # | Dose | Route | Time |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Glucose O2 | MII | 25 g 2 lpm | IV NC | 0830 | | | | | |

C _____

H  changed ~~his~~ insulin yesterday       OJ

A _____

R _____

T _____

E _____

**Signature & ID#** _____

## Inventory List

☐ Intubation      ☐ Oral Glucose        ☐ IV Access       ☐ Defibrillation    ☐ BVM
☐ Aspirin         ☐ Albuterol (w/nebulizer)   ☐ Nitroglycerin    ☐ Glucose Check    ☐ D50    ☐ Oxygen (

3-18-10



RECEIVED
BY _____
MAR 2 4 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**Dear:** John Nicholson,

    I would like to request an evidentiary hearing as soon as possible, especially before i go to trial.

Also, I am requesting a copy of my transcripts especially from my detention and bond hearing. With two more months to go before trial, i desperatly need the documents so i can study them for my own benefit.

Also, before trial, we need to sit down and have a closer look at mcgrew, since i am sure he will give his testemony at trial. I have loads and loads of print outs from his website, talking serious defamation; looking at his character, and his exsessive bragging; and how he's held security conferences solely about me, and how he used his expertise and called the FBI. This man, however being a public white hat security guru, i believe is a closet hacker. Since his website bares many links related to hacking, Defcon Meetings (hacker conferences) and what not. Staying up until after 11pm chatting with his own wife on the internet (on his website) talking trash to members of his website. His professionalism is absolutely questionable, motives are obvious; and his testimony should not stand a chance to his online charactar. Even Dan James can see right through MCGREW's vasaad. Print yourself out statements of his, because they are very useful. We should plan on smashing the witnesses testimony. Even the Dallas FBI agents Lynn and Singh; who both have sworn their testimonies to be true and to the best of their knowledge, lied on the stand about matters that have kept me in prison without bail; comitting perjury. If the before statements turned out not to be true, then why should their testimony at trial be any more accurate than the testimony given at my various hearings? It wont.

I have proven time and time again about their integredy being weak and so is their testimony. I need to see you, see somebody because i need to help you understand all it is that i found in my discovery evidence.

Sincerely,

_____

Jesse McGraw

3-18-10                                           Clerk of the Court,

I have enclosed four motions that I wish to file. I have no access
to a copier and have asked repeated staff members to either
be told "no" or to ask someone else. I have two other parties
involved who need Service. I am not sure if they automatically
get Service or what do I do to get them Served. Please help.

The Two parties are:

Candina Heath                          John Nicholson
1100 Commerce St. 3rd Floor            Office: FPD
Dallas, TX 75242                       525 Griffin St. ste 629
Candina.heath@usdoj.gov                Dallas, TX 75202
                                       John_nicholson@fd.org

                                            Thank you,

RECEIVED
BY _____

MAR 24 2010

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

          Jesse William McGraw   3 8690-177
F C I,  P.o. Box 9000,  Seagouille, TX, 75159

          Defendant. In Custody; Pro Se.

Jesse McGraw
38690-177
FCI P.O. Box 9000
Seagoville, TX 75159

1100 Commerce Street
Clerk of the Court
Northern District Dallas Division
Room 1452, Dallas TX 75242

RECEIVED
MAR 2010

X-HAY