

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | No. 3:09-CR-210-B |
| JESSE WILLIAM MCGRAW (1) | § | (Supersedes Indictment returned |
| also known as Ghost Exodus | § | on July 22, 2009) |

## INDICTMENT

The Grand Jury Charges:

## INTRODUCTION

At all times material to this indictment:

1. From October 31, 2008, until June 26, 2009, McGraw was employed as a security guard for a security firm in Dallas, Texas.

2. From November 1, 2008, until June 26, 2009, McGraw was assigned by the security firm to work security at the North Central Medical Plaza, located at 9301 North Central Expressway, Dallas, Texas.

3. McGraw's work shift was normally Thursday through Tuesday, from 11:00 p.m. until 7:00 a.m.

4. The North Central Medical Plaza housed medical offices and surgery centers, to include the W.B. Carrell Memorial Clinic and the North Central Surgery Center.

5. The W. B. Carrell Memorial Clinic provided comprehensive orthopedic care by

Superseding Indictment - Page 1

board certified orthopedic surgeons and staff.

6. The North Central Surgery Center provided the premises and equipment for surgeons to perform surgical procedures.

7. The Cirrus Group, located on the 3rd floor of the North Central Medical Plaza was a real estate development company that specialized in medical and healthcare-related real property.

8. The following computers (or computer systems) were located within the North Central Medical Plaza, and constituted protected computers pursuant to 18 U.S.C. §1030(e)(2), in that they were used in or affecting interstate commerce or communications:

    a. The nurses' station E computer bearing the host name WBCCW125, located on the 5th floor of the North Central Medical Plaza;

    b. The HVAC computer located in a locked room of the North Central Medical Plaza and used by the building engineering staff. The HVAC computer was used to control the Heating Ventilation and Air Conditioning for the first and second floors used by the North Central Surgery Center;

    c. The reception booth #3 room 501A computer bearing the host name WBCCW37 located on the 5th floor of the North Central Medical Plaza;

    d. The reception booth #4 room 501A computer bearing the host name WBCCW54 located on the 5th floor of the North Central Medical Plaza;

e. The manager's office room 502B computer bearing the host name WBCCW110 located on the 5th floor of the North Central Medical Plaza;

f. The north hall coordinator office room 516B computer bearing the host name WBCCW117 located on the 5th floor of the North Central Medical Plaza;

g. The north hall coordinator office room 517B computer bearing the host name WBCCW123 located on the 5th floor of the North Central Medical Plaza;

h. The north hall coordinator office room 519B computer bearing the host name WBCCW126 located on the 5th floor of the North Central Medical Plaza;

i. The nurses' station A computer room 511B computer bearing the host name WBCCW135 located on the 5th floor of the North Central Medical Plaza;

j. The nurses' station B computer room 524B computer bearing the host name WBCCW141 located on the 5th floor of the North Central Medical Plaza;

k. The front reception counter room 501A computer bearing the host name WBCCW161 located on the 5th floor of the North Central Medical Plaza;

l. The nurses' station C computer room 531B computer bearing the host name WBCCW164 located on the 5th floor of the North Central Medical Plaza;

m. The reception/front office supervisor room 506B computer bearing the host name WBCCW175 located on the 5th floor of the North Central Medical Plaza;

n. The doctors' station A PACS reading station room 510A computer bearing the host name WBCCW201 located on the 5th floor of the North Central Medical

Plaza;

o. A Dell laptop computer bearing service tag number GC1QZ41 located in the offices of The Cirrus Group on the 3rd floor of the North Central Medical Plaza; and

p. A Dell Optiplex Workstation computer bearing service tag number 8496K91 located in the offices of The Cirrus Group on the 3rd floor of the North Central Medical Plaza.

9. "Ophcrack" was a program or a set of programs which included a password recovery program and the option to boot from whatever device on which Ophcrack was installed.

10. "Logmein" was a program or a set of programs that allowed a user to remotely access computers over the Internet. McGraw maintained a Logmein account, associated with his Gmail account R62dL5.

11. "Teamviewer" was a program or a set of programs that allowed a user to remotely access computers over the Internet.

12. "Photobucket" was an image and video hosting website that allowed a user to store and share photos, images, and videos. McGraw maintained a Photobucket account with the username "ETAradio."

13. "Perfect Keylogger" was a program or a set of programs that covertly captures every keystroke on a computer, and identifies every program used, web site visited, and

all passwords and usernames entered.

14. McGraw maintained the website "electroniktribulationarmy.com."

15. McGraw used the name "Ghost Exodus" when communicating with other members of The Electronik Tribulation Army (ETA). ETA was a group of hackers, and McGraw used the screen name or nickname Ghost Exodus in his communications with ETA members.

16. RxBot was also known as the W32/Sdbot.worm. It was an internet relay chat controlled backdoor, which provided an attacker with unauthorized remote access to the compromised computer. An attacker could gain control over the compromised computer and use it to send spam, install adware or launch a DDos attack on internet systems.

17. Network Killaah.zip was an archive containing two denial of service tools, HTTP Flood and Sphinx v2.0.

MANNER AND MEANS:

It was part of the scheme to defraud that Jesse William McGraw would and did:

1. Access offices and portions of the North Central Medical Plaza without authorization;

2. Access North Central Medical Plaza computers and computer systems without authorization;

3. Use one or more of the North Central Medical Plaza computers and computer systems without authorization to access his accounts with GMail, Logmein, Photobucket,

YouTube, and to maintain other accounts such as his websites, his email accounts and other websites;

4. Take and use without permission from the North Central Medical Plaza one or more Dell laptops;

5. Uninstall or deactivate the antivirus software on one or more of the NCMP computers and computer systems without authorization;

6. Download or run on one or more of the North Central Medical Plaza computers and computer systems without authorization, certain tools, programs, or set of progams, to include Ophcrack, Logmein, Teamviewer, Network Killaah, Google Toolbar, RxBot, and Perfect Keylogger;

7. Insert USB drives or CDs into the North Central Medical Plaza computers and computer systems to transmit and facilitate the transmission of programs, codes, and commands without authorization;

8. Attempt to delete and eliminate any trace of his activities on the North Central Medical Plaza computers and computer systems;

9. Communicate with members of the ETA and with individuals through the Internet.

<u>Count One</u>
Transmitting a Computer Program, Code, or Command
(18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II))

1. The Grand Jury realleges and incorporates the Introduction and Manner and Means Sections of the Superseding Indictment.

2. Between on or about November 1, 2008 and on or about June 26, 2009, in the Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**, also known as Ghost Exodus, did knowingly cause the transmission of a program, code, and command, and as a result of such conduct, intentionally caused damage without authorization to WBCCW125, a protected computer used in interstate commerce and communication and owned by the Carrell Clinic, located in the North Central Medical Plaza at 9301 North Central Expressway, Dallas, Texas; that is, a computer used to maintain patient information and medical records for the diagnosis and treatment of the Carrell Clinic patients, in that **McGraw** transmitted a program, code, and command that gave **McGraw** the ability to modify, impair, and potentially modify and impair medical examinations, diagnoses, treatments, and care of one or more individuals.

In violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II).

<u>Count Two</u>
Transmitting a Computer Program, Code, or Command
(18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II) and (IV))

1. The Grand Jury realleges and incorporates the Introduction and Manner and Means Sections of the Superseding Indictment.

2. Between on or about November 1, 2008 and on or about June 26, 2009, in the Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**, did knowingly cause the transmission of a program, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer used in interstate commerce and communication and owned by the North Central Surgery Center and other tenants in the Carrell Clinic building, located at 9301 North Central Expressway, Dallas, Texas; that is, a HVAC computer controlling the heating, ventilation, and air conditioning for the North Central Surgery Center and other tenants, in that **McGraw** transmitted a program, code, and command that gave **McGraw** the ability to modify, impair, and potentially modify and impair the operations of the building HVAC system resulting in the impairment of patient medical examinations, diagnoses, treatments, and the care of one or more individuals, and threatened public health and safety.

In violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II) and (IV).

## Counts Three Through Fourteen
Transmitting a Computer Program, Code, or Command
(18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II))

1. The Grand Jury realleges and incorporates the Introduction and Manner and Means Sections of the Superseding Indictment.

2. Between on or about November 1, 2008 and on or about June 26, 2009, in the Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**, also known as Ghost Exodus, did knowingly cause the transmission of a computer program, code, and command, and as a result of such conduct, intentionally caused damage without authorization to the following protected computers:

| Count | Computer |
|---|---|
| 3 | WBCCW37 |
| 4 | WBCCW54 |
| 5 | WBCCW117 |
| 6 | WBCCW123 |
| 7 | WBCCW126 |
| 8 | WBCCW133 |
| 9 | WBCCW135 |
| 10 | WBCCW141 |
| 11 | WBCCW161 |
| 12 | WBCCW164 |
| 13 | WBCCW175 |
| 14 | WBCCW201 |

**Superseding Indictment - Page 9**

3. Each computer identified in paragraph 2 above was used in interstate commerce and communication, owned by the Carrell Clinic, located on the 5th floor of the North Central Medical Plaza at 9301 North Central Expressway, Dallas, Texas, and used to maintain patient information and medical records for the diagnosis and treatment of the Carrell Clinic patients; in that **McGraw** transmitted a program, code, and command that gave **McGraw** the ability to modify, impair, and potentially modify and impair medical examinations, diagnoses, treatments, and care of one or more individuals.

All in violation of 18 U.S.C. §1030(a)(4) and §1030(c)(3)(A).

A TRUE BILL

_____
FOREPERSON

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
CANDINA S. HEATH
Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Telephone: 214.659.8600
candina.heath@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
MAR 24 2010
CLERK, U.S. DISTRICT COURT
By _____ Deputy   4:15pm

UNITED STATES OF AMERICA

v.

JESSE WILLIAM MCGRAW (1)   3:09-cr-210-B

SUPERSEDING INDICTMENT

18 U.S.C. § 1030(a)(5)(A) and § 1030(c)(4)(B)(i)(II)
Transmitting a Computer Program, Code, or Command

18 U.S.C. 1030(a)(5)(A) and § 1030(c)(4)(B)(i)(II) and (IV)
Transmitting a Computer Program, Code, or Command

14 Counts

A true bill rendered:

_____
DALLAS                                  FOREPERSON

Filed in open court this 24th day of March, A.D. 2010.

_____
                                              Clerk

JESSE WILLIAM MCGRAW - In Custody (Seagoville)
_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE
Criminal Complaint 3:09-MJ-207
Magistrate Case No. 3:09-207-MJ
Criminal No. 3:09-CR-210-B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

**Related Case Information**

Superseding Indictment: [X] Yes [ ] No    New Defendant: [ ] Yes [X] No

Pending CR Case in NDTX: [X] Yes [ ] No   If Yes, number: 3:09-CR-210-B

Search Warrant Case Number 3:09-MJ-208; 3:09-MJ-209; 3:09-MJ-210

R 20 from District of N/A

Magistrate Case Number: 3:09-207-MJ

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes  [X] No

   Defendant Name          JESSE WILLIAM MCGRAW (1)
   Alias Name              a/k/a Ghost Exodus
   Address                 2801 Trinity Oaks Dr., #328
                           Arlington, TX 76001

   County in which offense was committed:    Dallas

2. **U.S. Attorney Information**

   Candina S. Heath          Bar # 09347450

3. **Interpreter**

   [ ] Yes [X] No    If Yes, list language and/or dialect:

   RECEIVED MAR 24 2010 4:15 PM
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

4. **Location Status**

   [X] Already in Federal Custody 6/29/09 in Seagoville, TX
   [ ] Already in State Custody
   [ ] On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:  14    [ ] Petty  [ ] Misdemeanor  [X] Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 18 U.S.C. § 1030(a)(5)(A) and<br>18 U.S.C. § 1030(c)(4)(B)(i)(II) | Transmitting a Computer Program,<br>Code or Command | 1 |
   | 18 U.S.C. § 1030(a)(5)(A) and<br>18 U.S.C. § 1030(c)(4)(B)(i)(II) and (IV) | Transmitting a Computer Program,<br>Code or Command | 2 |
   | 18 U.S.C. § 1030(a)(5)(A) and<br>18 U.S.C. § 1030(c)(4)(B)(i)(II) | Transmitting a Computer Program,<br>Code or Command | 3-14 |

Date 3-18-2010    Signature of AUSA: