UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CR-210-B |
| | § | |
| JESSE MCGRAW, | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING MOTION TO APPOINT NEW COUNSEL

Before the Court is the Defendant's Motion to Appoint New Counsel ("Motion")(doc. 27). After a hearing, the Court **DENIES** the Motion as follows.

### I.

On June 29, 2009, a magistrate judge appointed an assistant federal public defender as counsel for the Defendant. On July 22, 2009, the government secured an Indictment against the Defendant alleging violations of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i)(II) or Transmitting a Malicious Code. On February 2, 2010, Defendant filed a plea agreement. However, prior to re-arraignment, Defendant communicated to Defense counsel that he did not wish to plead guilty in accordance with the plea agreement. Accordingly, the government filed a motion to withdraw the plea agreement. The Court granted the motion on March 5, 2010.

Following the withdrawal of the plea agreement, Defendant filed a Motion to Appoint New Counsel (doc. 27) on March 15, 2010. Through the Motion Defendant argues that there is "strong animosity" between him and Defense counsel, John Nicholson. Defendant informs the Court that he has filed a grievance against Nicholson with the Texas State Bar claiming, among other things,

ineffective assistance of counsel. To support this allegation, Defendant makes reference to Nicholson's lack of computer knowledge and technical savvy. He further alleges that Nicholson has "antagonized" his wife and mother with phone calls and has insulted him on numerous occasions. The Texas State Bar dismissed the grievance on March 1, 2010.

In response to the Motion, Nicholson requested a hearing to determine how Defendant wants to proceed with this action. Nicholson argues that while the grievance has been dismissed, it is still likely that Defendant may appeal or file an additional grievance. This would result in the Defendant and Defense counsel being litigants in the Texas State Bar proceedings. Consequently, Nicholson requests that Defendant advise him whether he wishes to proceed with this case *pro se* and explain the reasons why he would like the Federal Public Defender dismissed from the case.

## II.

The Sixth Amendment grants a defendant an absolute and unqualified right to counsel. However, defendants are not entitled to appointed counsel of their choice or to demand a different appointed lawyer except for good cause. *United States v. Fields,* 483 F.3d 313, 350(5th Cir. 2007); *see, e.g., United States v. Breeland*, 53 F.3d 100, 106 (5th Cir. 1995); *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) (good cause). Factors that may warrant substitution of appointed counsel include; (1) a conflict of interest, (2) a complete breakdown in lawyer client communications, or (3) an irreconcilable conflict which leads to an apparent unjust verdict. *Young*, 482 F.3d at 995. A court has an obligation to "inquire into a seemingly substantial complaint about counsel" when the court has no reason to doubt the defendant's credibility. *Id*. If the court finds that there is "significant interference" with the appointed attorney's ability to zealously represent the defendant, substitute counsel should be provided. *Fields,* 483 F.3d at 350.

Therefore, under these circumstances, the question before the Court is whether there is good cause for the dismissal and substitution of Defense counsel. Substitute counsel need not be appointed, however, if the court is satisfied that the defendant's representation will not be compromised.

### III.

The Court had ample opportunity to question the Defendant and assess the merits of his motion at the hearing. The Defendant, his court-appointed counsel, the counsel's supervisor and the government's counsel addressed the issue of Defense counsel's performance and the Defendant's concerns. The Defendant's complaints about his counsel boiled down to concerns over counsel's computer skills, and that he and counsel were not "like-minded." He also complained about his counsel's advice that he plead guilty and counsel's refusal to seek to overturn the order detaining him without bond. Lastly, the Defendant was upset over some of counsel's statements about the Defendant to the Defendant's wife. For his part, counsel displayed considerable knowledge about the case. From his statements, it was clear that he had invested a considerable amount of time working on the Defendant's case. He indicated that he had was ready and willing to continue representing the Defendant. Counsel's supervisor recounted that he had been involved in 90% of the meetings with counsel and the Defendant. The supervisor also reported that he had assigned a second-chair counsel, an investigator and a computer expert to work on the case.

In sum, the testimony established that the Defendant's complaints against appointed counsel stem from a difference of opinion over strategy and some resulting interpersonal friction between the two. The was no indication of a significant breakdown in communications between the two. Nor was there even a colorable showing of a conflict of interest. Though the Defendant filed a grievance

against counsel, it was counsel himself who gave him the papers to file the complaint with the State Bar of Texas. Moreover, the grievance has since been dismissed and counsel was clear that the grievance would not affect his zealous advocacy for the Defendant. Nor did the Defendant, for that matter indicate that the filing of the grievance had negatively impacted his dealings with appointed counsel. Nor was there a showing that the issues raised by the Defendant interfered with counsel's willingness or ability to zealously represent the Defendant. The Defendant is an articulate, intelligent individual. When asked, he clearly and unequivocally stated that he did not wish to appear pro se. In sum, the credible testimony at the hearing established that appointed-counsel has and continues to be willing to  furnishing highly competent representation for the Defendant. For these reasons, the Defendant's Motion is **DENIED**.

SO ORDERED.

DATED March 29, 2010.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE