IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-210-B |
| | § | |
| JESSE WILLIAM MCGRAW  (1) | § | |

GOVERNMENT'S MOTION TO STRIKE
*PRO SE* FILINGS

_____

The United States of America, by and through its United States Attorney, files this its Motion to Strike *Pro Se* Filings, and for cause respectfully shows this Court as follows:

**ISSUE:**

1.      On or about March 24, 2010, Jesse William McGraw filed four *pro se* motions: (1) for Disclosure of Informants, (2) for Production of Statements of Witnesses, (3) Review of, and Release from Pretrial Detention Order, ore for Personal Recognizance Bond Release, and (4) for Disclosure of Criminal Records of Witnesses.  The government objects and requests the Court to (1) strike the motions and (2) instruct McGraw to act through his attorney, John Nicholson.

**BACKGROUND:**

2.       On June 26, 2009, Special Agents of the Federal Bureau of Investigation arrested McGraw pursuant to a criminal complaint and arrest warrant.  At his initial appearance on

June 29, 2009, the Magistrate Judge appointed the Federal Public Defenders to represent McGraw. On July 1, 2009, McGraw appeared before the Magistrate Judge with his attorney for a detention hearing, and after hearing the evidence and arguments, the Magistrate Judge detained McGraw. On July 22, 2009, a federal grand jury returned an indictment charging McGraw with computer intrusion (18 U.S.C. §1030).

3. McGraw appeared with counsel and entered a not guilty plea on July 30, 2009.

4. On March 24, 2010, the parties appeared before this Court to resolve some attorney concerns raised by McGraw. During this hearing, the Court advised McGraw that he could not file documents *pro se* if he were represented by counsel. McGraw confirmed the fact that he wanted to be represented by counsel, and that he did not want to proceed *pro se*. McGraw did not mention that he had already prepared and mailed four *pro se* motions. In an abundance of caution, the government files this its motion to strike the *pro se* filings.

**LAW:**

5. 28 U.S.C. §1654 provides that in federal court, defendants "may plead and conduct their own cases personally **or** by counsel." (Emphasis added.). This right is disjunctive only. Defendants do not have the right to a "hybrid" or dual representation - *pro se* and by counsel. *United States v. Ogbonna*, 184 F.3d 447, 449 n. 1 (5th Cir.1999). Once the defendant appears through counsel, he can not thereafter proceed *pro se*, without knowingly and intelligently waiving his right to be represented by counsel. *McKaskle v.*

*Wiggins,* 465 U.S. 168, 183 (1984); *Faretta v. California*, 422 U.S. 806, 832 (1975); *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *United States v. Trapnell,* 638 F.2d 1016, 1027 (7th Cir. 1980); *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970); *United States v. Neal*, 870 F.2d 312, 315 (5th Cir. 1989); *Ennis v. LaFevre*, 560 F.2d 1072, (2nd Cir. 1977); *United States v. Campbell,* 61 F.3d 976, 981 (1st Cir. 1995).

6.    The Fifth Circuit vacated the conviction in *United States v. Davis*, 269 F.3d. 514 (5th Cir. 2001), because the District Court permitted a "hybrid representation" without adequately admonishing the defendant of the perils and disadvantages of self-representation.  McGraw has declined to proceed *pro se*.  McGraw is represented by counsel, and should therefore act through his counsel.

7.    An "accused has a Sixth Amendment right to conduct his own defense provided only that he knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. at 173.  Prior to proceeding *pro se*, McGraw "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.'" *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

8.    In *Faretta v. California*, the United State Supreme Court acknowledged that the prosecutor and the trial judge are "charged with the duty of insuring that justice . . . is

**Motion to Strike Pro Se Filings - Page 3**

achieved . . . [and] [t]hat goal is ill served, and the integrity of and public confidence in the system are undermined, when an easy conviction is obtained due to the defendant's ill-advised decision to waive counsel." *Faretta v. California*, 422 U.S. at 823-825.

9.   Permitting a "hybrid representation" when filing motions also places an undue burden on the government.  The government is not permitted to contact, much less conference with, represented persons.  A *pro se* defendant must adhere to the procedural rules, including any and all local rules. *McKaskle*, 465 U.S. at 173.  For example, McGraw failed to conference the undersigned regarding these motions.  However, even if McGraw had attempted such a conference at this time, the government would be forbidden to communicate with McGraw since he is represented by counsel.

WHEREFORE, the government requests that this Court strike McGraw's *pro se* motions and instruct McGraw to act through his attorneys of record.

Respectfully submitted,

JAMES T. JACKS
United States Attorney

S/ Candina S. Heath
CANDINA S. HEATH
Assistant United States Attorney
1100 Commerce, 3rd Floor
Dallas, Texas   75242
candina.heath@usdoj.gov
Texas Bar # 09347450
Tel:  214.659.8600
Fax:  214.767.2946

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2010, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to John Nicholson (McGraw's attorney) who consented in writing to accept this Notice as service of this document by electronic means.

S/ Candina S. Heath<br>
CANDINA S. HEATH<br>
Assistant United States Attorney