UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:09-CR-210-B | |
| § | | |
| JESSE WILLIAM MCGRAW, § | ECF | |
| Defendant. § | | |

**DEFENDANT'S MOTION-IN-LIMINE
TO PRECLUDE TESTIMONIAL STATEMENTS**

TO THE HONORABLE JUDGE JANE J. BOYLE:

Defendant Jesse William McGraw ("Mr. McGraw") by and through his court appointed counsel, Assistant Federal Public Defender John Nicholson, hereby files this motion-in-limine to preclude admission of testimonial statements by potential government witnesses. In support, the defense respectfully submits the following:

Pertinent Facts

Mr. McGraw did not initially come to the attention of the F.B.I. by way of an F.B.I. investigation. Instead, a private citizen named Wesley McGrew contacted the F.B.I. in Mississippi and brought Mr. McGraw to the attention of an agent there. The F.B.I. in Mississippi then contacted the F.B.I. in Dallas. The criminal complaint filed against Mr. McGraw refers to McGrew as "CW-1." Since Mr. McGraw's arrest, McGrew has not attempted to keep his (McGrew's) role in this case a secret. Indeed, McGrew has used this case to further his own reputation and has "blogged" about it on his ("McGrew's") cyber-security blog.

The defense does not know the specific information communicated by McGrew to the Mississippi F.B.I. or the specific information communicated by the Mississippi F.B.I. to the Dallas F.B.I.

Argument

Since the witness lists in this case are not yet due, the defense does not know if the government intends to call McGrew or the F.B.I. agent in Mississippi. If the government does not do so, then Mr. McGraw's right to confront the witnesses against him precludes the government from advising the jury of the above-described statements.

In Crawford v. Washington, the Supreme Court ruled that testimonial statements may not be admitted into evidence against a defendant absent a finding by the court that the declarant of the testimonial statement is unavailable and the defendant has had prior opportunity to cross-examine him/her.[1] McGrew's statements to the Mississippi F.B.I. and the Mississippi F.B.I. agent's statements to the Dallas F.B.I. were unarguably "out of court." They were also "testimonial." While Crawford does not definitively define what is and is not a "testimonial" statement, subsequent precedent provides that "an out-of-court statement is testimonial if it was 'made under circumstances which would lead an objective witness reasonably to believe that he statement would be available for use at a later trial.'"[2]

McGrew made statements to the Mississippi F.B.I. in an effort to have law enforcement investigate and prosecute Mr. McGraw. The Mississippi F.B.I. made statements to the Dallas F.B.I. for the same reasons. As such, these statements were and are testimonial. These testimonial statements cannot be admitted absent a showing of McGrew and the Mississippi F.B.I. agent's unavailability and a prior opportunity for cross-examination by Mr. McGraw.[3]

The government may avoid this issue by calling the witnesses at trial and having them

---

[1] Crawford v. Washington, 541 U.S. 36, 59 (2004).

[2] United States v. Santos, 589 F.3d 759, 762 (5th Cir. 2009) citing Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527, 2532 (2009).

[3] Crawford v. Washington, 541 U.S. 59 (2004)

subjected to cross-examination. However, the government may not avoid this problem by turning to the harbor of offering the statements for a purported reason other than for the "truth of the matter asserted," such as to "describe the progress of the investigation" to the jury. The Fifth Circuit has held that the government may not elicit hearsay testimony that defendants were on a "target list" in order to explain why officers commenced an investigation of them.[4] The Brown court persuasively reasoned that evidence of this sort can lead the jury to infer guilt for reasons other than the product of that investigation – if the declarant's statement lead the officer to believe that the defendant might be guilty, it is likely to persuade the jury of the same.[5]

Furthermore, there is no reason to assume that the jury would care why McGrew or the F.B.I. were investigating the defendant. Any chance that the jury would use this type of evidence to assure itself that the investigation was proceeding rationally is marginal at best. The chance that it would use the statement at issue to evaluate whether Mr. McGraw is guilty, however, is comparatively great.

The marginal non-hearsay value of evidence like McGrew's communication to the F.B.I. has lead the Third Circuit to criticize "the use of out-of-court statements to show background ... as an area of 'widespread abuse'"[6]. More importantly, the Fifth Circuit has also recognized that the jury's need for information about the "focus of the investigation" is slight compared to the risk that the evidence will be misused.[7] Finally, the Seventh Circuit has also recognized that whatever limited probative value this kind of testimony may have can be elicited without

---

[4] *See* United States v. Brown, 451 F.2d 1231, 1234-35 (5th Cir. 1971).

[5] See Brown, 451 F.2d at 1234-35.

[6] United States v. Price, 458 F.3d 202, 208 (3rd Cir. 2006)(*quoting* Sallins, 993 F.2d at 344)(*quoting* McCormick On Evidence, §249, at 104 (4th ed. 1992)).

[7] *See* United States v. Johnston, 127 F.3d 380, 395 (5th Cir. 1997).

disclosing the content of hearsay statements.[8]

Relief Requested

The defense respectfully moves this Court for an order prohibiting the government from advising the jury, either via opening statements or witness testimony, of the above-described statements without having first satisfied the Crawford requirements. This is an issue that cannot be resolved via trial objection because it is too important to leave until trial. The defense cannot simply hope that the government will not describe this evidence during opening statements and that none of the government witnesses will utter inadmissible testimony about this evidence. Nor can the defense simply hope that, if such evidence is brought before the jury, then a curative instruction will erase the testimony from the minds of the jury.

Respectfully submitted,

/s/ John M. Nicholson
John M. Nicholson
Assistant Federal Public Defender
Texas Bar No. 24013240
525 Griffin, Suite 629
Dallas, TX 75202
(214) 767-2746
(214) 767-2886 Fax
john_nicholson@fd.org
Attorney for Defendant Jesse McGraw

---

[8] *See* United States v. Williams, 133 F.3d 1048, 1052 (7th Cir. 1998).

## CERTIFICATE OF CONFERENCE

I, hereby certify that, I, John M. Nicholson, attorney for defendant, conferred with Candy Heath, the Assistant United States Attorney assigned to this matter and learned that the government is opposed to the relief requested by this motion.

/s/  John Nicholson
John Nicholson

## CERTIFICATE OF SERVICE

I, John Nicholson, hereby certify that on April 16, 2010, I electronically filed the foregoing Motion to Exclude Testimonial Statements with the clerk for th U.S. District Court, Northern District of Texas, using the electronic filing system for the court.  The electronic case filing system sent a "Notice of Electronic Filing" to AUSA Candina Heath at candina.heath@usdoj.gov, who has consented in writing to accept this Notice as service of this document by electronic means.

/s/  John Nicholson
John Nicholson