UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:09-CR-210-B | |
| § | | |
| JESSE WILLIAM MCGRAW, § | ECF | |
| Defendant. § | | |

**DEFENDANT'S MOTION TO EXCLUDE EVIDENCE**

TO THE HONORABLE JUDGE JANE J. BOYLE:

The Defendant in this case, ("Mr. McGraw"), by and through his court appointed counsel, Assistant Federal Public Defender John Nicholson, hereby files this Motion to Exclude Evidence and in support submits the following:

On June 26, 2009, federal agents searched Mr. McGraw's home and vehicle.  As a result of this search, the agents seized a number of items.  According to the seizure lists, these items include: a novelty F.B.I. badge with Mr. McGraw's picture, a cellular "jammer," a lock-pick kit, a gasmask, a credit card skimmer, six credit cards, two driver's licenses, a hollowed-out book, a "spy pen," and something described in the return as an "ID maker kit and document manufacture kit."

Most of the above-described items are also displayed in a "YouTube" video created by Mr. McGraw for the purpose of demonstrating to the viewer of the video that Mr. McGraw did, indeed, possess the items.  The government has included this video in the discovery that it provided to the defense.

The defense does not know if the government will include the video or other items in its exhibit list.  In the event that the government does so, the defense makes a pretrial objection to

the admissibility of each item.

Federal Rule of Evidence 404.

As a general rule, evidence of a defendant's character as proof that the defendant acted in conformity with his character is not admissible.[1]  While there are exceptions to this rule, to be admissible the Court must employ a two part test:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.[2]

This determination must be made on the record.[3]  Were Mr. McGraw on trial for being a "hacker" or generally committing crimes or mischief with computers, then the above-described evidence would not be subject to a 404(b) analysis because it would not be extrinsic, but rather intrinsic evidence.

Mr. McGraw, however, is on trial for specific charges.  He is on trial for alleged violations of 18 U.S.C. § 1030(a)(5)(A).  These violations have nothing to do with the credit card skimmer, novelty F.B.I. badge, or any of the other above-described evidence.  If the government disagrees, then it falls to the government to show that the disputed evidence is relevant for something other than Mr. McGraw's character and that is passes Rule 403.

---

[1] Fed. R. Evid. 404(a).

[2] United States v. Zabeneh 837 F.2d 1249, 1262 (5th Cir. 1988), citing United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978), cert. denied, 440 U.S. 290 (1979).

[3] Zabeneh, 837 F.2d at 1262; United States v. Robinson, 700 F.25 205, 213 (5th Cir. 1983).

Request.

If the government includes the above-described items in its exhibit list, then the defense respectfully requests a pre-trial ruling on the items' admissibility. This is an issue that cannot be resolved via trial objection because it is too important to leave until trial. The defense cannot simply hope that the government will not describe this evidence during opening statements and that none of the government witnesses will utter inadmissible testimony about this evidence. Nor can the defense simply hope that, if such evidence is brought before the jury, then a curative instruction will erase the testimony from the minds of the jury. For these reasons, the defense respectfully moves the Court for a pre-trial ruling that the government is prohibited from advising the jury of the above-described evidence..

                                        Respectfully submitted,

                                        /s/ John M. Nicholson

John M. Nicholson
Assistant Federal Public Defender
Texas Bar No. 24013240
525 Griffin, Suite 629
Dallas, TX 75202
(214) 767-2746
(214) 767-2886 Fax

john_nicholson@fd.org
Attorney for Defendant Jesse McGraw

**CERTIFICATE OF CONFERENCE**

I, hereby certify that, I, John M. Nicholson, attorney for defendant, conferred with Candy Heath, the Assistant United States Attorney assigned to this matter and learned that the government is opposed to the relief requested by this motion.

/s/ John Nicholson
John Nicholson

**CERTIFICATE OF SERVICE**

I, John Nicholson, hereby certify that on April 16, 2010, I electronically filed the foregoing Motion to Exclude Prior Convictions with the clerk for th U.S. District Court, Northern District of Texas, using the electronic filing system for the court.  The electronic case filing system sent a "Notice of Electronic Filing" to AUSA Candina Heath at [candina.heath@usdoj.gov](mailto:candina.heath@usdoj.gov), who has consented in writing to accept this Notice as service of this document by electronic means.

/s/ John Nicholson
John Nicholson