IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-210-B |
| | § | |
| JESSE WILLIAM MCGRAW  (1) | § | |

GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY
AND NOTICE PURSUANT TO FED. R. CRIM. P. 12.2

1.      The United States of America, through the undersigned counsel, respectfully moves pursuant to Fed. R. Cr. P. 16(b)(l), for an order directing the defendant to produce, and to permit the government through its attorneys and agents, to inspect and copy:

   a. All books, papers, documents, photographs and tangible objects (including but not limited to, recordings, charts, maps, diagrams, voice prints, fingerprints, palm prints and handwriting specimens) or copies or portions thereof, which are within the possession, custody or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial of this case; and

   b. Any results or reports of physical or mental examinations and of scientific tests or experiments (including, but not limited to, fingerprint comparisons, handwriting analyses) made in connection with this case, or copies thereof, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial of this case or which were prepared by a witness whom the defendant intends to call at the trial and which relate to the witness's testimony.

   c. A written summary of any testimony that the defense intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence, if the defense intends to present expert testimony on the defendant's mental condition.

**Motion for Reciprocal Discovery and Fed. R. Crim. P. 12.2 Notice - Page 1**

2.      Additionally, the government moves the Court to direct that if, prior to or during trial, the defense discovers additional evidence or material of the kind set forth above and ordered to be produced, the defense is to promptly notify the attorney for the government or the Court of the existence of such additional evidence or material.

3.      The government also moves the Court, pursuant to Fed. R. Cr. P. 12.2, to direct that, before May 3, 2010, counsel for the defendant either: (l) inform the government if the defense intends to rely on a defense of insanity or if the defense intends to present expert testimony relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt; or (2) in the alternative, be precluded from raising such defenses at trial.

**Arguments and Authorities**

4.      Fed. R. Cr. P. 16(b)(l)(A), (B) and (C) sets forth the kinds of materials and information discoverable by the government. The government has complied with the defendant's discovery request by providing full discovery in accordance with the Court's pretrial scheduling order and Fed. R. Cr. P.16.  This is sufficient to trigger the government's reciprocal right of discovery under Fed. R. Cr. P.16.  See *United States v. Tolliver*, 61 F.3d 1189, 1197 (5th Cir. 1995), rev'd on other grnds.  Also, Fed. R. Cr. P.16., imposes on all parties a continuing duty to disclose additional discoverable evidence or material previously requested or ordered and requires a party discovering such additional evidence or material to promptly notify the other party, the party's

attorney or the Court of its existence.

## Conclusion

5.   The government requests that the Court grant the Government's motion and order counsel for the defendant to provide reciprocal discovery, to disclose any additional discoverable material promptly, and to notify the government of any insanity or mental defect defenses prior to May 4, 2010.

Respectfully submitted,

JAMES T. JACKS
United States Attorney

S/ Candina S. Heath
CANDINA S. HEATH
Assistant United States Attorney
1100 Commerce, 3rd Floor
Dallas, Texas   75242
candina.heath@usdoj.gov
Texas Bar # 09347450
Tel:  214.659.8600
Fax:  214.767.2946

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 16, 2010, I spoke to John Nicholson about the motion for reciprocal discovery.  Mr. Nicholson advised me that he did not oppose the motion. On the same day I left a message for Mr. Nicholson to advise him of my intent to file the Fed. R. Crim. P. 12.2 motion, and requested his position.  Nicholson was unavailable.

S/ Candina S. Heath
CANDINA S. HEATH
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2010, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to John Nicholson (McGraw's attorney) who consented in writing to accept this Notice as service of this document by electronic means.

S/ Candina S. Heath
CANDINA S. HEATH
Assistant United States Attorney
