IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-210-B |
| | § | |
| JESSE WILLIAM MCGRAW  (1) | § | |

GOVERNMENT'S RESPONSE TO MCGRAW'S MOTION
TO EXCLUDE EVIDENCE

    The United States of America respectfully files this response to McGraw's Motion to Exclude Evidence.

**McGraw's Motion**:

1.    McGraw filed a motion to exclude the following items:

    a.  FBI badge bearing McGraw's photograph
    b.  cellular jammer
    c.  lock-pick kit
    d.  gasmask
    e.  credit card skimmer
    f.  six credit cards
    g.  two driver's licenses
    h.  hallowed-out book,
    i.  spy pen
    j.  ID maker kit and document manufacture kit
    k.  Youtube video (wherein McGraw displays some of the items listed above)

2.    McGraw objects to the admissibility of the above items pursuant to F. R. E. 404 (and possibly F. R. E. 403).

**Response to Motion to Exclude Evidence - Page 1**

**Response:**

3.      McGraw conceded in his motion that the items would be *intrinsic* to a "hacking" case, and since McGraw *is* charged with "hacking", his motion should be denied. Furthermore, the government understands the requisites of F. R. E. 403 and 404, and will comply therewith.

**Intrinsic Evidence of Hacking:**

4.      Item 'k' and approximately eleven other videos were obtained by law enforcement from the Internet and/or Youtube during the investigation.  Items 'a' through 'j' were seized by law enforcement pursuant to search warrants of McGraw's residence and vehicle.  The United States Magistrate Judge who issued the search warrants and the complaint for the arrest of McGraw found probable cause to believe that (1) McGraw committed violations of 18 U.S.C. §1030, and (2) evidence of the crimes existed in McGraw's residence and vehicle.  The superseding Indictment charged McGraw with fourteen violations of 18 U.S.C. §1030(a)(5)(A); that being, to access protected computers without authorization, in other words, *"hacking."*

5.      The essential elements of a violation of 18 U.S.C. §1030(a)(5)(A) are:

    First:      That the defendant, through means of a computer used in interstate commerce or communications, knowingly caused the transmission of a program, information, code or command to another computer or computer system, as charged;

    Second:  That the defendant, by causing the transmission intended to damage the receiving computer, computer system, information, data or program, and withhold or deny, or cause the withholding or denial,

**Response to Motion to Exclude Evidence - Page 2**

|  |  |
|---|---|
|  | of the use of a computer, computer services, system or network, information, data or program; |
| Third: | That the defendant so acted without the authorization of the persons or entities who own or are responsible for the computer system receiving the program, information, code or command; and |
| Fourth: | Per 18 U.S.C. §1030 §1030(c)(4)(B)(i)(II) or (IV), that the defendant's acts either potentially modified or impaired, the medical examination, medical diagnosis, medical treatment, or medical care of one or more individuals, or created a risk to public health and safety. |

6.   McGraw admitted on page 2 of his Motion to Exclude Evidence that if McGraw *were* "on trial for being a 'hacker' . . . then the above-described evidence would *not* be subject to a 404(b) analysis because it would *not* be extrinsic, but rather *intrinsic* evidence." (Emphasis added).  McGraw *is* charged with violating 18 U.S.C. §1030, which is commonly referred to as the "hacking" statute.  In fact Section 204 of the Identity Theft Enforcement and Restitution Act of 2008, Public Law 110-326, 122 Stat. 3561, amended a portion of 1030(a)(5) and was entitled "Malicious Spyware, *Hacking* and Keyloggers." (Emphasis added).   The National Information Infrastructure Protection Act of 1996, S. Rep. No. 104–357 (1996) repeatedly referred to "hacking" and "hackers" when discussing the investigations and prosecutions under 18 U.S.C. 1030.  Most resources[1] define hacking as accessing a computer without authorization.  Simply stated, McGraw is going to trial for being a "hacker."

---

[1]   http://definitions.uslegal.com/c/computer-hacking/;
http://searchsecurity.techtarget.com/sDefinition/0,,sid14_gci212220,00.html;
http://www.thefreedictionary.com/hacker;

**Response to Motion to Exclude Evidence - Page 3**

7.     McGraw's motion should be denied, in that he conceded that the evidentiary items listed are intrinsic to a charge of "hacking."  McGraw fails to articulate good cause for granting the motion.  Finally, the government agrees to comply with the requisites of F. R. E. 403 and 404.

>Respectfully submitted,
>
>JAMES T. JACKS
>United States Attorney
>
>S/ Candina S. Heath
>CANDINA S. HEATH
>Assistant United States Attorney
>Texas State Bar. No. 09347450
>1100 Commerce Street, 3d Floor
>Dallas, Texas  75242
>Telephone: 214.659.8600

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2010, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to John Nicholson, attorney for McGraw, who consented in writing to accept this Notice as service of a document by electronic means.

>S/ Candina S. Heath
>CANDINA S. HEATH
>Assistant United States Attorney

**Response to Motion to Exclude Evidence - Page 4**