IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 3:09-CR-210-B |
| § | |
| JESSE WILLIAM MCGRAW  (1) § | |

GOVERNMENT'S RESPONSE TO MCGRAW'S MOTION
IN LIMINE TO PRECLUDE TESTIMONIAL STATEMENTS

The United States of America respectfully files this response to McGraw's Motion in Limine to Preclude Testimonial Statements.

**McGraw's Motion**:

1. McGraw seeks to preclude the government from offering the "statements" of a Mr. McGr*ew* or of an unnamed Mississippi FBI Special Agent without subjecting those witnesses to cross examination during the trial.

**Response:**

2. The government understands the nature of the Crawford decision, and will comply therewith. If the subject witnesses are not called by the government to testify, the government maintains that any references to a "tip" received by a testifying law enforcement witness from *any* person would be admissible as non-hearsay evidence, and offered as background information to put in context the initiation of the law enforcement investigation.

**Response to Motion in Limine to Preclude Testimonial Statements - Page 1**

**Legal Argument:**

3.     Statements not offered for the truth of the matter asserted do not implicate the Confrontation Clause; therefore, even if the statements are testimonial, they may be admitted for a non-hearsay purpose. *Crawford v. Washington*, 541 U.S. 36, 59 fn.9 (2004); *Tennessee v. Street*, 471 U.S. 409, 414 (1985). *United States v. Walters*, 434 F.3d 30, 35 (1st Cir. 2006); *United States v. Mendez*, 514 F.3d 1035, 1045 (10th Cir. 2008) (drug ledger not hearsay and not offensive of Confrontation Clause when not introduced for truth of any entry but as tool of trade of drug dealing); *United States v. Faulkner*, 439 F.3d 1221, 1225-27 (10th Cir. 2006)(statements of planning, directing, or agreement of conspiracy are non-hearsay verbal acts); *United States v. Curz-Diaz*, 550 F.3d 169, 177 (1st Cir. 2008), *cert. denied*, 129 S.Ct. 2031 (2009) (statement by one defendant to police officer admissible to rebut claim of inadequate investigation).

4.     The substance of a "tip" provided by a concerned citizen to law enforcement generally is considered testimonial.  Thus the substance of a "tip" is inadmissible to prove the truth of the assertion, without providing an opportunity for cross examination or a showing of unavailability of the tipster. *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). But testimony by law enforcement that he/she simply received a "tip" and acted on the information from the tipster, without providing the substance of the "tip," does not invoke the confrontation clause.  *United States v. Durham*, 176 F.3d 478 (5th

Cir. 1999); *Eldridge v. Director, TDCJ-CID*, 2006 WL 573924, at *4 (E.D. Tex. Feb. 8, 2006); *Thomspon v. Director TDCJ-CID*, 2009 WL 816107 at *6-7 (E. D. Tex. March 26, 2009).  The *Cromer* court explained that simply referring to the receipt of a "tip" or the existence of a tipster

> at least arguably did not even put before the jury any statements made by the [tipster].  See *United States v. Dunbar*, 104 Fed. Appx. 638, 2004 WL 1614932, at *1 (9th Cir. July 19, 2004) (finding no Confrontation Clause violation where no testimonial evidence provided by the informant was ever introduced into evidence); *United States v. Stone*, 222 F.R.D. 334, 339 (E.D.Tenn.2004) (same).  Even if testimonial statements of an out-of-court declarant were revealed by this testimony, Cromer's confrontation right was not implicated because the testimony was provided merely by way of background.  See *United States v. Martin*, 897 F.2d 1368, 1371-72 (6th Cir.1990) (finding Confrontation Clause not implicated where assertions not offered for their content, but merely to explain why government commenced investigation).  The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 124 S.Ct. at 1369 n. 9 (citing *Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985)).  Any out-of-court statements alluded to by [the witness] at this juncture served the purpose of explaining how certain events came to pass or why the officers took the actions they did.  Because the statements were not offered to establish the truth of the matter asserted, the Confrontation Clause does not apply.

389 F.3d at 676.

**Conclusion:**

5. The government requests that this Honorable Court deny McGraw's Motion in Limine.

>Respectfully submitted,
>
>JAMES T. JACKS
>United States Attorney
>
>S/ Candina S. Heath
>CANDINA S. HEATH
>Assistant United States Attorney
>Texas State Bar. No. 09347450
>1100 Commerce Street, 3d Floor
>Dallas, Texas  75242
>Telephone: 214.659.8600

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2010, I electronically filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to John Nicholson, attorney for McGraw, who consented in writing to accept this Notice as service of a document by electronic means.

>S/ Candina S. Heath
>CANDINA S. HEATH
>Assistant United States Attorney