UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  § | |
|     Plaintiff, § | |
| § | |
| v. § | Case No. 3:09-CR-210-B |
| § | |
| JESSE WILLIAM MCGRAW, § | ECF |
|     Defendant. § | |

**DEFENSE COUNSEL'S UNOPPOSED MOTION FOR PERMISSION
TO WITHDRAW FROM FURTHER REPRESENTATION OF DEFENDANT**

TO THE HONORABLE JUDGE JANE J. BOYLE:

    Undersigned counsel respectfully submits this Unopposed Motion for Permission to Withdraw and, in support, submits the following:

Recent and Relevant Procedural History

    On March 17, 2010, undersigned counsel moved this Court for a hearing to determine Mr. McGraw wished to represent himself, present argument as to why this Court ought to appoint substitute counsel, or rather attempt to work with undersigned counsel.  On March 25, 2009, this Court held a hearing on undersigned counsel's motion and Mr. McGraw's prior written request for a substitute attorney.  As a result of this hearing, this Court issued an order (doc. 35) in which it denied Mr. McGraw's prior request for a substitute attorney.  Undersigned counsel remains Mr. McGraw's attorney.

    Since the March 25th hearing, Mr. McGraw chose to plead guilty (absent a plea agreement) to the original Indictment.  Sentencing is presently scheduled for September 15, 2010 and objections to the Presentence Investigation Report (PSR) are due today, August 4, 2010.

Argument

On July 28, 2010, undersigned counsel and Dan James, the Chief Investigator for the Federal Public Defender's Office, traveled the Federal Detention Center at Seagoville. Undersigned counsel and Mr. James intended to review the PSR with Mr. McGraw and discuss how the defense ought to respond.  Along with other clients that undersigned counsel asked to see, Mr. McGraw entered the visitation area and agreed to meet with undersigned counsel and Mr. James.

As a result of this March 28th meeting, as well as other recent attorney-client communications, undersigned counsel has reluctantly formed the belief that there is an irreconcilable conflict between Mr. McGraw and undersigned counsel.  Although undersigned counsel has reluctantly made this determination, it is one of which he is completely convinced.

The conflict between Mr. McGraw and undersigned counsel is not "mere disagreement about strategic litigation decisions."[1] Rather, as of March 28th, it is a conflict that causes a "significant interference with [undersigned counsel's] ability to provide zealous representation" to Mr. McGraw.[2]  Undersigned counsel cannot relay the specific facts upon which he has relied in forming this conclusion since those facts are protected by the attorney-client privilege. However, undersigned counsel certifies, as an Officer of the Court, that this conflict precludes him from acting as a zealous advocate for Mr. McGraw in the future.

Undersigned counsel is loathe to make this request, especially at the present phase of this case.  However, some circumstances require a substitution of counsel.  For example, as this

---

[1] United States v. Fields, 483 F.3d 313, 353 (5th Cir. 2997).

[2] Fields, 484 F.3d at 350, *citing* United States v. Boone, 437 F.3d 829, 839 (8th Cir. 2006), *cert. denied*, 127 S.Ct. 172 (2006).

Court set forth in the above-described order, "[f]actors that may warrant substitution of appointed counsel include...an irreconcilable conflict which leads to an apparent unjust verdict."[3] The need to avoid such a verdict ought to also apply to a defendant's sentence.

In this case, the defense will be called upon to: respond to the PSR, potentially rebut the government's response to the PSR, present a sentencing memorandum to the Court, prepare Mr. McGraw for sentencing, and advocate Mr. McGraw's case at his sentencing. Due to the present, irreconcilable between Mr. McGraw and undersigned counsel, these tasks, in the strong belief of undersigned counsel, ought to be undertaken by another attorney that does not have an irreconcilable conflict with Mr. McGraw.

If this Court grants this motion, undersigned counsel can forward the work that he and his colleagues have done in preparation for sentencing to either a substitute attorney or Mr. McGraw.[4] Contemporaneously with this motion, the defense is filing a motion that requests a continuance of the deadline for PSR responses.

Conclusion

Of course, undersigned counsel knows that it is this Court, and not undersigned counsel, that will decide if undersigned counsel will continue to represent Mr McGraw. As a result of recent events, however, undersigned counsel agrees with Mr. McGraw's prior representation to this Court that there is a conflict between Mr. McGraw and undersigned counsel that not only warrants, but necessitates, this Court appointing substitute counsel. Accordingly, undersigned counsel respectfully requests permission to withdraw from further representation of Mr.

---

[3] United States v. Young, 482 F.3d 993, 995 (5th Cir. 1973).

[4] For example, undersigned counsel has roughly two-dozen pages of research memorandum, drafts of proposed objections, and strategy notes that he and others at the Federal Public Defender's Office have compiled as part of the process of responding to the PSR.

McGraw.

Per local rule 57.12, undersigned counsel sent a copy of this motion to Mr. McGraw in the mail for his signature. That motion also contained a section of options in which Mr. McGraw could indicate his position on this matter. On August 4, 2010, undersigned counsel received Mr. McGraw's reply. In the reply, Mr. McGraw advises that:

> he (Mr. McGraw) does "not wish for this Court to allow Mr. Nicholson to withdraw from representing [him] in this case. I wish for Mr. Nicholson to continue to represent me for the remainder of this case.

Undersigned counsel is aware that asking this Court for permission to withdraw from representing a client over that client's objection is an unusual request. However, undersigned counsel's conflict with Mr. McGraw necessitates it.

Respectfully submitted,

/s/ John M. Nicholson
John M. Nicholson
Assistant Federal Public Defender
Northern District of Texas
Texas Bar # 24013240
525 Griffin Street, Suite 629
Dallas, Texas 75202
214.767.2746
214.767.2886 (facsimile)
john_nicholson@fd.org
Attorney for Jesse McGraw

**CERTIFICATE OF CONFERENCE**

  I, John M. Nicholson, hereby certify that I conferred with Candy Heath, AUSA on the above-referenced motion, and learned that the government does not oppose the relief requested buy this motion.

                     /s/ John M. Nicholson
                     John M. Nicholson

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 4, 2010 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means: Assistant U. S. Attorney Candy Heath at candina.heath@usdoj.gov.  A copy of the foregoing document was also served by hand-delivery to Ms. Heath at 1100 Commerce St., Third Floor, Dallas, Texas.

                       /s/ John M. Nicholson
                       John M. Nicholson