**ORIGINAL**

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1    TXND Mod - 09/28/04

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 22 2011

CLERK, U.S. DISTRICT COURT
By_____ Deputy

# UNITED STATES DISTRICT COURT

__Northern__ District of __Texas - Dallas Division__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JESSE WILLIAM MCGRAW | Case Number: **3:09-CR-210-B(01)** |
| | USM Number: **38690-177** |
| a/k/a Ghost Exodus | Todd A. Durden |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   __1 and 2 of the Indictment filed on July 22, 2009.__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1030(a)(5)(A) & (c)(4)(B)(i)(II) | Transmitting a Malicious Code | June 2009 | 1 |
| 18 USC § 1030(a)(5)(A), (c)(4)(B)(i)(II), & (IV) | Transmitting a Malicious Code | June 2009 | 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s) __all counts on the Superseding Indictment__   ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 17, 2011**
Date of Imposition of Judgment

_(signature)_
Signature of Judge

**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**March 21, 2011**
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment   TXND Mod - 9/28/04

Judgment — Page __2__ of __7__

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER:**3:09-CR-210-B(01)**

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **ONE HUNDRED TEN (110) MONTHS ON EACH COUNTS OF 1 AND 2, TO RUN CONCURRENTLY.**

[✓] The court makes the following recommendations to the Bureau of Prisons:
   **The court recommends the defendant be designated to FCI Fort Worth or FCI Seagoville.**
   **The court recommends the defendant have no access to computers while incarcerated in the Bureau of Prisons.**

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ [ ] a.m. [ ] p.m. on _____
   [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before _____ on _____
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 7

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
**Three (3) years on each of Counts 1 and 2 to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JESSE WILLIAM MCGRAW
CASE NUMBER: 3:09-CR-210-B(01)

## SPECIAL CONDITIONS OF SUPERVISION

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $31,881.75, payable to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas, 75242. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration. Restitution shall be disbursed to:

W.B. Carrell Memorial Clinic
Attn: P. Thomas Blair
Amount: $26,468.75

United Surgical Partner International
Attn: Robin Shaw
Amount: $4,413

The Cirrus Group
Attn: Jason Todd
Amount: $1,000

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of the receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).

The defendant shall provide to the probation officer any requested financial information.

The defendant shall pay any remaining balance of restitution in the amount of $31,881.75, as set out in this Judgment.

The defendant shall participate in workforce development programs and services involving activities relating to occupational and career development, including but not limited to assessments and testing, educational instruction, training classes, career guidance, counseling, case management, and job search and retention services, as directed by the probation officer until successfully discharged from the program.

The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer(s). The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software may be disabled or removed at any time during the term of supervision at the discretion of the probation officer.

The defendant shall submit to periodic unannounced examination of his/her computer(s), storage media, and/or other electronic or Internet-capable devices performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such systems for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release   TXND Add - 09/28/04

Judgment—Page   5   of   7

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

The defendant shall not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his/her employer in the performance of his/her job-related duties.

The defendant shall provide the probation officer with accurate information about his/her entire computer system. The defendant's email shall only be accessed through a pre-approved application.

The defendant shall not install new hardware, perform upgrades, or effect repairs on his/her computer system, without receiving prior permission from the probation officer.

The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name, designation, or an alias.

The defendant shall not view, possess, and/or compose any material that describes or promotes the unauthorized access to computer systems.

The defendant shall not purchase, download, possess, and/or install software applications whose primary purpose is to scan and detect vulnerabilities in computer networks or to cause damage to other computer systems.

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties  TXND Mod 2 - 09/28/04

Judgment — Page 6 of 7

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200 | $ N/A | $ 31,881.75 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|
| W.B. Carrell Memorial Clinic<br>Attn: P. Thomas Blair | $ 26,468.75 | N/A |
| United Surgical Partner International<br>Attn: Robin Shaw | $ 4,413.00 | N/A |
| The Cirrus Group<br>Attn: Jason Todd | $ 1,000.00 | N/A |

**TOTALS** $ 31,881.75

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the ☑ fine ☑ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments   TXND Mod 1 - 09/28/04

Judgment — Page __7__ of __7__

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with   ☐ C,   ☑ D, or   ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☑ Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __50__ over a period of __XXXXXXX__ (e.g., months or years), to commence __60__ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the defendant shall pay to the United States a special assessment of $200, for Counts 1 and 2, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.