```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION

UNITED STATES OF AMERICA, )
                          )
          Plaintiff,      )
                          )
vs.                       ) 3:09-CR-00210-B(1)
                          )
JESSE WILLIAM MCGRAW,     )
                          )
          Defendant.      )

                 REARRAIGNMENT HEARING
          BEFORE THE HONORABLE JANE J. BOYLE
             UNITED STATES DISTRICT JUDGE
                     MAY 14, 2010

              A P P E A R A N C E S
For the Government:

     UNITED STATES ATTORNEY'S OFFICE
     1100 Commerce Street - 3rd Floor
     Dallas, TX  75242
     214-659-8600
     BY:  CANDINA S. HEATH
          PAUL YANOWITCH

For the Defendant:

     FEDERAL PUBLIC DEFENDER'S OFFICE
     525 Griffin Street - Suite 629
     Dallas, TX  75202
     (214)767-2746
     BY:  JOHN M. NICHOLSON

COURT REPORTER:  SHAWNIE ARCHULETA, TX CCR No. 7533
                 1100 Commerce Street
                 Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.
```

SHAWNIE ARCHULETA, CSR/CRR
FEDERAL COURT REPORTER - 214.753.2747

```
 1                    (In open court.)
 2              THE COURT:  Good morning.  Thanks for
 3    everybody being willing to get together this early
 4    in the morning.
 5              We are here on U.S. v. Jesse William
 6    McGraw, Case 3:09-CR-210, here for the
 7    rearraignment.
 8              Will the parties please introduce
 9    themselves, starting with the government?
10              MS. HEATH:  Your Honor, Candy Heath and
11    Paul Yanowitch for the government.
12              MR. NICHOLSON:  Good morning, Your Honor.
13    I'm John Nicholson representing Mr. McGraw in this
14    matter.
15              THE COURT:  If you will come forward,
16    please.
17              Good morning, Mr. McGraw.
18              THE DEFENDANT:  Good morning.
19              THE COURT:  I think we met a few weeks
20    back.  As I understand it, you are here today
21    because you have entered into an agreement with the
22    government to enter a guilty plea in this case.  Let
23    me just find the right paperwork.
24              Do I have plea papers?
25              MR. NICHOLSON:  Your Honor, if I may, we
```

```
 1   do not have a plea agreement with the government.
 2   The prior plea agreement was declared null and void
 3   by the Court.
 4             THE COURT:  Yes.
 5             MR. NICHOLSON:  What we are doing is
 6   asking the Court to consider, as a basis of
 7   Mr. McGraw's plea without a plea agreement to the
 8   original indictments, that the factual resume be
 9   filed in that cause.  But we do not have a separate
10   plea agreement with the government.
11             THE COURT:  I just need a copy of that
12   factual resume.  I may have it right here in front
13   of me.  Yes.  Okay.  I've got the factual resume.
14   Do you have a spare copy of it with you, either
15   side, today?
16             MR. NICHOLSON:  I have one.
17             MS. HEATH:  Yes.  Does the Court need one?
18             THE COURT:  Could you pass that up here,
19   please?  All right.  I believe this is still part of
20   the record, but if not, I will make sure that it is.
21   This is the factual resume that is document 21 in
22   the files of this matter.  All right.
23             The agreement is to enter a plea to which
24   count?
25             MR. NICHOLSON:  Well, Your Honor, there
```

1   are two counts in the original indictment.

2   Mr. McGraw is going to enter a plea of guilt to both

3   counts of the original indictment.  We do not have

4   an agreement with the government, which means it

5   will be up to the government to decide what to do

6   with the superseding indictment.  We don't have an

7   agreement with them, but we are hoping, as a

8   practical matter, that that will be dismissed at the

9   conclusion of this case.

10          THE COURT:  The original indictment -- let

11  me make sure I have that in front of me so I can

12  make sure I can read it to Mr. McGraw.  I'm still

13  looking.  Does anyone have a copy of the original

14  indictment?

15          MS. HEATH:  Yes, Your Honor, I have a

16  copy.

17          THE COURT:  Ms. Heath, if you will pass

18  that up here, please.  Thank you.  All right.

19          Mr. McGraw, as I understand it, you have

20  agreed to enter a plea of guilty to the indictment

21  in this case; is that correct?

22          THE DEFENDANT:  That is correct.

23          THE COURT:  All right.  We are going to go

24  through these issues that we've talked about before

25  just to make sure that it is free and voluntary and

```
 1    you don't have any reservations about it.  If you
 2    do, as I mentioned before, you just have to let me
 3    know.  If you have something you want to ask me
 4    about or if you want to confer privately with
 5    Mr. Nicholson, that's fine as well.
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Raise your right hand and let
 8    me swear you in.
 9              (The Defendant was sworn.)
10              THE DEFENDANT:  Okay.
11              THE COURT:  You do?
12              THE DEFENDANT:  Yes, ma'am.
13              THE COURT:  Is there something wrong with
14    your arm?
15              THE DEFENDANT:  Yes.
16              THE COURT:  Is it injured?
17              THE DEFENDANT:  Yes.
18              THE COURT:  All right.  You all right?
19              THE DEFENDANT:  I'm all right.  Thank you.
20              THE COURT:  I want to make sure, now that
21    I've placed you under oath, that you understand that
22    anything you say under oath, if you said something
23    false, could later be used against you.
24              Do you understand that?
25              THE DEFENDANT:  Yes, ma'am.
```

**SHAWNIE ARCHULETA, CSR/CRR**
**FEDERAL COURT REPORTER — 214.753.2747**

```
1              THE COURT:  Let's go back through your
2   background.  Give me your full name, Mr. McGraw.
3              THE DEFENDANT:  Jesse William McGraw.
4              THE COURT:  How old are you?
5              THE DEFENDANT:  Twenty-six.
6              THE COURT:  How far did you go in school?
7              THE DEFENDANT:  Up to third grade.
8              THE COURT:  Third grade?  No schooling
9   after that?
10             THE DEFENDANT:  No.
11             THE COURT:  No education after that?
12             THE DEFENDANT:  It was -- I was
13  home-schooled, but I didn't do any of the work.
14             THE COURT:  Well, home-schooled is
15  schooling.  How long were you home-schooled?
16             THE DEFENDANT:  Just a couple of years.
17             THE COURT:  So you weren't home-schooled
18  all the way up to the equivalent of the 12th grade?
19             THE DEFENDANT:  No.
20             THE COURT:  Do you have any problem -- and
21  I can see by observing you, you don't appear to in
22  any way.  You appear to be a very intelligent and
23  articulate young man.  Do you have any problem
24  reading or writing?
25             THE DEFENDANT:  No.
```

1          THE COURT:  Obviously you are competent in

2    other areas, including the computer; is that

3    correct?

4          THE DEFENDANT:  That is correct.

5          THE COURT:  Have you been treated recently

6    for any mental illness or addiction to narcotic

7    drugs of any kind?

8          THE DEFENDANT:  No, ma'am.

9          THE COURT:  Are you currently under the

10   influence of any kind of drug or medication or

11   alcoholic beverage of any kind?

12         THE DEFENDANT:  No, ma'am.

13         THE COURT:  As you stand here today,

14   Mr. McGraw, are you telling me you are fully capable

15   and competent to participate in this discussion

16   about your plea?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  And do you have any questions

19   about that, Mr. Nicholson?

20         MR. NICHOLSON:  No, Your Honor, I believe

21   Mr. McGraw is fully competent.

22         THE COURT:  Let's go back and talk about

23   the original indictment.  Mr. McGraw, have you

24   received a copy of the original indictment against

25   you?

```
 1              THE DEFENDANT:  Yes, ma'am, I have.
 2              THE COURT:  Have you had a chance to
 3    review the charges thoroughly with your counsel?
 4              THE DEFENDANT:  Yes, ma'am.
 5              THE COURT:  Do you fully understand what
 6    you are charged with in these two counts?
 7              THE DEFENDANT:  Yes.
 8              THE COURT:  All right.  And again, just so
 9    the record is clear, I don't think I said this
10    before, but you said you were pleading guilty to the
11    indictment, and that would include Count 1,
12    transmitting a malicious code under 18 U.S.C.
13    Section 1030(a)(5)(A) and 1030(c)(4)(B)(i)(II), as
14    well as Count 2 under the same charge, transmitting
15    a malicious code under 18 U.S.C. 1030(a)(5)(A) and
16    1030(c)(4)(B)(i)(II) and (IV), just so that we are
17    clear.
18              Do you have any questions at all about the
19    nature of the charges against you?
20              THE DEFENDANT:  No, ma'am, I don't.
21              THE COURT:  All right.  Have you -- you
22    have an opportunity and a right to have the full
23    indictment read to you here in open court or you can
24    waive that right.  How do you wish to proceed?
25              THE DEFENDANT:  I will waive the right.
```

```
 1              THE COURT:  As I understand it, there is
 2    no plea agreement.  Correct?
 3              THE DEFENDANT:  That is correct.
 4              THE COURT:  Yes.  And before I go any
 5    further, are you fully satisfied at this point with
 6    the representation Mr. Nicholson has given you and
 7    the advice?
 8              THE DEFENDANT:  Yes, ma'am.
 9              THE COURT:  Thank you.  All right.  I want
10    to make sure, though, even though there is no plea
11    agreement, that there is nothing that is causing you
12    to enter this plea other than your desire to plead
13    guilty; in other words, make sure that you haven't
14    been promised anything.
15              I would expect that Mr. Nicholson has, as
16    every attorney does, discussed with you where your
17    case and your background might cause you to fall in
18    the advisory guidelines.  I would expect that.  But
19    I want to make sure you understand and tell me on
20    the record today that you understand that this is a
21    discretionary call, it's the Court's call and not
22    the attorney's.  Do you understand that?
23              THE DEFENDANT:  Yes, ma'am, I do.
24              THE COURT:  So anything that's been
25    suggested to you or described to you, although
```

1  accurate under the guidelines, may be something that

2  the Court completely disagrees with.

3           Do you understand that?

4           THE DEFENDANT:  Yes.

5           THE COURT:  So has there -- you're telling

6  me that there has been no suggestion or promise to

7  you by your attorney or otherwise as to what

8  sentence you might get.

9           THE DEFENDANT:  That is correct, no

10 promises whatsoever.

11          THE COURT:  All right.  Has anyone

12 threatened you or pressured you in any way to get

13 you to plead guilty?

14          THE DEFENDANT:  No, ma'am.

15          THE COURT:  Are you pleading guilty here

16 today freely and voluntarily because you are guilty

17 and for no other reason?

18          THE DEFENDANT:  That is right.

19          THE COURT:  Okay.  Also I want to make

20 sure that you understand -- and we've talked about

21 this before -- your constitutional rights as a

22 person charged with a crime and what you are

23 waiving.

24          Do you understand, Mr. McGraw, that, by

25 pleading guilty to a felony crime, if I accept your

1    plea you will be adjudged guilty, and that may

2    deprive you of valuable civil rights, such as the

3    right to vote, the right to hold public office, the

4    right to a serve on a jury, and the right to possess

5    any kind of firearm.

6              Do you understand you have a right under

7    our Constitution and laws to persist in your plea of

8    not guilty and have a trial with a jury deciding

9    your fate?  Do you understand that?

10             THE DEFENDANT:  Yes, ma'am, I do.

11             THE COURT:  And if you couldn't afford an

12   attorney, you would be entitled, as you are now, to

13   a court-appointed counsel to represent you at the

14   trial.  Do you understand that?

15             THE DEFENDANT:  Yes.

16             THE COURT:  At the trial, you would have a

17   right to be presumed innocent as opposed to here.

18             Do you understand that?

19             THE DEFENDANT:  Yes, I do.

20             THE COURT:  At the trial, you would also

21   be able to require, as our law requires, the

22   government to bear the full burden of proof.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  What that means is, the

12

```
1    government at trial, as opposed to here, would have
2    to bring evidence in to establish your guilt beyond
3    a reasonable doubt with competent evidence and
4    witnesses.
5              Do you understand that?
6              THE DEFENDANT:  Yes.
7              THE COURT:  And at the trial, the
8    government would have to bring their witnesses here
9    in your presence and all the exhibits, and you would
10   get a chance to look at those, examine those, and
11   have your attorney question the witnesses.
12             Do you understand that?
13             THE DEFENDANT:  Yes.
14             THE COURT:  You would also have a right,
15   but no obligation, to produce any evidence on your
16   own behalf.  In other words, the government bears
17   the full burden in a trial.  They have to bring the
18   evidence forward.  You have no burden, and our law
19   protects you from even having to testify against
20   yourself.
21             Do you understand that?
22             THE DEFENDANT:  Yes.
23             THE COURT:  And also, if you decided not
24   to testify -- again, that is completely your
25   choice -- that that decision to remain silent could
```

1   not be held against you by the jury at a trial in

2   deciding your guilt.

3           Do you understand that?

4           THE DEFENDANT:  Yes.

5           THE COURT:  All right.  Also, if you had a

6   trial, although you have no burden, you have the

7   right to bring witnesses down here and have them

8   testify.  Your lawyer could subpoena them if you

9   chose.  Do you understand that?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  Do you understand that, by

12  pleading guilty and if I accept your plea, you will

13  have waived your right to a trial.  You can't change

14  your mind.  There will be no further trial in this

15  proceeding of any kind.

16          Do you understand that?

17          THE DEFENDANT:  Yes, I do, Your Honor.

18          THE COURT:  And you also waive all those

19  rights, such as the presumption of innocence, the

20  burden of proof, and your right not to testify

21  against yourself.

22          Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Okay.  Let's talk about the

25  punishment that you face in this case.

1           Ms. Heath, would you recite the punishment
2    range for us, please?
3           MS. HEATH:  Yes, Your Honor.  In each
4    count of the indictment, the maximum penalty the
5    Court can impose is imprisonment for a period not to
6    exceed ten years; a fine not to exceed $250,000 or
7    twice any pecuniary gain to the defendant or loss to
8    the victim; a mandatory term of supervised release
9    of not less than two years nor more than three
10   years, and that must follow the term of
11   imprisonment.
12          And if he violates any condition of the
13   supervised release, he could be in prison for the
14   entire term of supervised release; a mandatory
15   special assessment of $100 in each count;
16   restitution to the victims or the community, which
17   may be mandatory under the law.
18          And Mr. McGraw understands that the
19   restitution may include restitution from all
20   relevant conduct, as well as what is charged in the
21   two counts; costs of incarceration and supervision
22   and forfeiture of property.
23          THE COURT:  Thank you.  Ms. Heath, would
24   you tell me what you are reading from?  I want to
25   make sure there is no confusion with the previous

1    factual resume being utilized and whatever it sets

2    forth as far as punishment.  I want to make sure

3    that's in writing what you read.

4            MS. HEATH:  It is not in writing because

5    there is no plea agreement in the case.

6            THE COURT:  I see.  Having had you say

7    that, then, just because this is a little unusual

8    not to have the punishment range at least in writing

9    in the factual resume, would you go -- I'm assuming

10   it was in the previous plea agreement that that had

11   to do with the superseding indictment.

12           MS. HEATH:  Correct -- no, that had to do

13   with the original indictment.

14           THE COURT:  All right.  So if I look at

15   the original plea agreement, although that is not in

16   place, it does contain in writing the potential

17   penalties that Mr. McGraw faces.

18           MS. HEATH:  Correct, Your Honor.  And if

19   the Court wishes, I can file a new document

20   reflecting what I just stated on the record as to

21   what the punishment -- potential punishment would be

22   in this case.

23           THE COURT:  I don't think that's

24   necessary.  I just want to make sure -- I want to

25   pull it quickly and make sure that I have looked at

1   it carefully and that there's no question from

2   Mr. McGraw as to what range of punishment he's

3   looking at.

4          Do you have that document in front of you?

5   Or Mr. Nicholson, do you have that in front of you?

6          MR. NICHOLSON:  For the purposes of the

7   hearing, I took the page from the now void plea

8   agreement, because it contained the penalty

9   provisions we will be reviewing today, so Mr. McGraw

10  and I can review them.

11         I have that one single page, if the Court

12  would like to review it.

13         THE COURT:  Would you pass that to

14  Mr. Reynolds, please?

15         MR. NICHOLSON:  Yes, Your Honor.

16         THE COURT:  Thank you.

17         MR. NICHOLSON:  And Your Honor, I would

18  note that the two counts in the original indictment

19  are essentially the same, not entirely, but

20  essentially the same as the first two counts of the

21  superseding indictment.

22         THE COURT:  It is -- what I have received

23  from you is part of document 20, which is still part

24  of the Court record.  And just so that I'm clear, it

25  does reflect what Ms. Heath just said, which is the

1  penalty includes imprisonment not to exceed 10

2  years, a fine not to exceed 250,000, the mandatory

3  term of supervised release of not less than two, no

4  more than three years, the special assessment of

5  $100, restitution costs and incarceration,

6  supervision and forfeiture.

7          Mr. McGraw, are you clear on what

8  punishment you potentially face by virtue of this

9  guilty plea?

10          THE DEFENDANT:  Yes, I do.

11          THE COURT:  And I don't know, because I

12  haven't see the presentence report, where I will

13  consider the reasonable range for you.  Again, the

14  guidelines are advisory, but I just want to make

15  sure you understand, as we have discussed before,

16  that you open yourself to the full range of

17  punishment including the maximum by this guilty

18  plea.

19          Do you understand that?

20          THE DEFENDANT:  That is correct.

21          THE COURT:  You still wish to persist in

22  this plea?

23          THE DEFENDANT:  Yes.

24          THE COURT:  As far as supervised release,

25  I believe we have discussed that before, but the

1    supervised release is a period of time which you are

2    out of custody but under strict supervision,

3    conditions of which you have to comply with.  If you

4    violate any of those during any period of time

5    during the two or three years, you would face the

6    full two or three years that you are on supervised

7    release for as opposed to the remaining time that

8    you have been out.

9              Do you understand?

10              THE DEFENDANT:  Yes, I do.

11              THE COURT:  And you still wish to persist

12   in this plea?

13              THE DEFENDANT:  That is correct.

14              THE COURT:  Because this has become an

15   issue in these cases -- and I don't think this

16   matters here -- if you are not a citizen of the

17   United States, you would face deportation by this

18   guilty plea.

19              Do you understand that?

20              THE DEFENDANT:  Yes, I do.

21              THE COURT:  Do you have any questions

22   about anything I have gone over so far?

23              THE DEFENDANT:  No, ma'am, I do not.

24              THE COURT:  Again, the only catch in many

25   of these pleas is that people come in and they have

```
1   an idea that they might get a certain sentence and
2   they don't, and then they think that perhaps they
3   can complain about it.  And I want to make sure that
4   you -- when I say you can complain, certainly you
5   can appeal it, but you can't get out of your guilty
6   plea if you don't get what you think you should.
7              Do you understand that?
8              THE DEFENDANT:  I do.
9              THE COURT:  Now that I have informed you
10  of your rights and the possible consequences of
11  pleading guilty, Mr. McGraw, how do you plead to
12  Counts 1 and 2 of the original indictment in this
13  case, guilty or not guilty?
14             THE DEFENDANT:  Guilty.
15             THE COURT:  All right.  The factual
16  resume, as I understand it, is the same facts that
17  we had looked at and had been filed previously as
18  document 21 in this case.
19             Do you have that in front of you with
20  Mr. Nicholson?
21             THE DEFENDANT:  I do, ma'am.
22             THE COURT:  You do.  Have you reviewed
23  that carefully with him?
24             THE DEFENDANT:  Yes, we have.
25             THE COURT:  All right.  That's a
```

```
 1    relatively lengthy document, as far as factual
 2    resumes.  It goes to nine pages.  Do you understand
 3    and agree with all provisions here in this nine-page
 4    document?
 5              THE DEFENDANT:  Yes, I do.
 6              THE COURT:  Is there anything that you
 7    think should be changed or altered in any way?
 8              THE DEFENDANT:  No, it is fine the way it
 9    is.
10              THE COURT:  Did you sign the last page?
11              THE DEFENDANT:  Yes, I did.
12              THE COURT:  You have the right to have the
13    full document read to you in open court or you can
14    waive that right.  How do you wish to proceed?
15              THE DEFENDANT:  I will waive it.
16              THE COURT:  I want to make sure that you
17    do agree, however, that what's contained in this
18    factual resume as the essential elements of these
19    crimes to which you are pleading guilty -- and I'm
20    assuming they are the same essential elements for
21    this original indictment that he's pleading to as
22    they were previously -- I want to go ahead and have
23    the government articulate the essential elements of
24    these two counts for Mr. McGraw.  Please listen
25    carefully.
```

```
 1              MS. HEATH:  Yes, Your Honor.  Both counts
 2   have the same essential elements; Count 2 has one
 3   extra provision.
 4              The government would have to prove beyond
 5   a reasonable doubt the following elements:
 6              First:  That Mr. McGraw, through means of
 7   a computer used in interstate commerce or
 8   communications, knowingly caused the transmission of
 9   a program, information, code, or command to another
10   computer or computer system, as charged.
11              Second:  That McGraw, by causing the
12   transmission, intended to damage the receiving
13   computer, computer system, information, data or
14   program, and withhold or deny, or cause the
15   withholding or denial, of the use of a computer,
16   computer services, system, or network, information
17   data or program;
18              Third:  That McGraw so acted without the
19   authorization of the persons or entities who own or
20   are responsible for the computer system receiving
21   the program, information code, or command; and
22              Fourth:  That Mr. McGraw's acts
23   potentially modified or impaired the medical
24   examination, medical diagnosis, medical treatment,
25   or medical care of one or more individuals.
```

```
 1              And for Count 2:  That McGraw's acts
 2   potentially created a risk to public health and
 3   safety.
 4              THE COURT:  And Ms. Heath, just so we are
 5   clear on this, these are the essential elements of
 6   the first two counts in the original indictment to
 7   which he is pleading guilty?
 8              MS. HEATH:  Correct.
 9              THE COURT:  And Mr. McGraw, you have heard
10   these essential elements of the crime that you are
11   pleading guilty to or the crimes.  Do you agree that
12   you committed these two offenses you are charged
13   with and now pleading guilty to in a way that
14   includes these essential elements?
15              THE DEFENDANT:  Yes, Your Honor, I do.
16              THE COURT:  So you are agreeing under
17   oath, then, that you committed these crimes in a way
18   that includes these essential elements, as well as
19   tracked by the factual resume in the facts portion
20   of the document that begin on, I believe, page 2 and
21   go through page 8.
22              THE DEFENDANT:  That is correct.
23              THE COURT:  All right.  Do you have any
24   questions or anything at all that you would like to
25   ask me or ask your attorney privately before we
```

1    adjourn?

2              THE DEFENDANT:  No, ma'am.  Everything is

3    good.

4              THE COURT:  All right.  Thank you,

5    Mr. McGraw.

6              I find, therefore, that the defendant is

7    fully competent and capable of entering an informed

8    plea; that he is aware of the nature of the charges

9    and the consequences of his plea; that his plea is

10   therefore -- that his plea of guilty is knowing and

11   voluntary, supported by an independent basis in fact

12   containing each of the essential elements of the

13   crimes charged in the original indictment in this

14   case, Counts 1 and 2.

15             His plea is therefore accepted, and it is

16   ordered and adjudged that the defendant is guilty of

17   the offenses charged in Counts 1 and 2 of the

18   original indictment in this case.

19             Just to clarify for the paperwork, then,

20   in the case, I don't need anything additional with

21   regard to the range of punishment because that's

22   contained in document 20 of the original plea

23   agreement.  And we've utilized the factual resume to

24   cover the facts in this case; that's document 21.

25   Again, they cover the facts as set forth in the

24

1   original indictment to which Mr. McGraw has pled

2   guilty.

3              Any questions about that?  And I will

4   return these documents to both of you before we

5   adjourn because I think I have sufficient

6   documentation on the record.

7              MR. NICHOLSON:  No questions by the

8   defense, Your Honor.

9              THE COURT:  All right.  Sentencing.

10  Mr. McGraw, what happens next is your sentencing in

11  this case.  Before we get to the sentencing, it will

12  be some time, because we have to have the

13  presentence report put together.

14             I note probation is not here, and so we

15  are going to have to make sure they get all the

16  information.  Oh, they are here.  Thank you very

17  much.  I didn't see you back there.

18             So you will be meeting with

19  U.S. Probation.  You will get a chance to

20  participate and submit information with your

21  attorney to the presentence report, as will the

22  government, and you will have a chance to,

23  thereafter, object to it.  And perhaps, based upon

24  your objections, another version will be put

25  together.  But in any event, I'll get the

1   presentence report and review it, and that's what I

2   will be looking at before your sentencing.

3            I have a sentencing date, and I don't have

4   it right here in front of me because of our quick

5   assessment of this this morning in putting it

6   together, but I will get that out to you.  We have

7   the schedule in the back, and I will get it right

8   back to you.

9            Is there anything else before we adjourn?

10            MR. NICHOLSON:  Not from the defense.

11            MS. HEATH:  Not from the government, Your

12   Honor.

13            THE COURT:  All right.  Mr. McGraw is

14   remanded to custody.  Hold on a second, and we will

15   get you a copy of the scheduling order.

16            (Court in recess at 8:53 a.m.)

17

18

19

20

21

22

23

24

25

```
 1              C E R T I F I C A T E

 2           I, Shawnie Archuleta, CCR/CRR, certify

 3   that the foregoing is a transcript from the record

 4   of the proceedings in the foregoing entitled matter.

 5           I further certify that the transcript fees

 6   format comply with those prescribed by the Court and

 7   the Judicial Conference of the United States.

 8           This 20th day of May 2011.

 9

10

11                      s/Shawnie Archuleta
                        Shawnie Archuleta CCR No. 7533
12                      Official Court Reporter
                        The Northern District of Texas
13                      Dallas Division

14

15

16   My CSR license expires:  December 31, 2011

17   Business address:  1100 Commerce Street
                        Dallas, TX  75242
18   Telephone Number:  214.753.2747

19

20

21

22

23

24

25
```

**SHAWNIE ARCHULETA, CSR/CRR**
**FEDERAL COURT REPORTER — 214.753.2747**