```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION

UNITED STATES OF AMERICA,  )
                           )
        Plaintiff,         )
                           )
vs.                        )  3:09-CR-00210-B(1)
                           )
JESSE WILLIAM MCGRAW,      )
                           )
        Defendant.         )
```

COMPETENCY HEARING
BEFORE THE HONORABLE JANE J. BOYLE
UNITED STATES DISTRICT JUDGE
DECEMBER 16, 2010

**A P P E A R A N C E S**

For the Government:

    UNITED STATES ATTORNEY'S OFFICE
    1100 Commerce Street - 3rd Floor
    Dallas, TX  75242
    (214)659-8600
    BY:  CANDINA S. HEATH

For the Defendant:

    THE DURDEN LAW FIRM
    5750 Rufe Snow Drive - Suite 130
    North Richland Hills, TX  76180
    (817)581-9900
    BY:  TODD A. DURDEN

COURT REPORTER:   SHAWNIE ARCHULETA, TX CCR No. 7533
                 1100 Commerce Street
                 Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.

```
 1                    (In open court.)
 2                THE COURT:  Case 3:09-CR-210, U.S. v.
 3   Jesse William McGraw.  For the government?
 4                MS. HEATH:  Candy Heath for the
 5   government, Your Honor.
 6                MR. DURDEN:  Todd Durden for the
 7   defendant, Your Honor.  Good afternoon.
 8                THE COURT:  All right.  We're here today
 9   in the McGraw case with regard to a competency
10   issue, and the Court has now the mental health
11   evaluation that has been, I believe, received and
12   will be filed under seal if it hasn't already.  I'm
13   assuming both sides have received this evaluation by
14   Dr. Morrow.  For the government?
15                MS. HEATH:  Yes, Your Honor.
16                MR. DURDEN:  Yes, Your Honor.
17                THE COURT:  All right.  And looking at
18   this and all of the details to it, at least the
19   opinion of the examing psychologist is that
20   Mr. McGraw is not suffering from mental disease or
21   defect.  So before we go any further with this and
22   see what we need to do, I will find out from each
23   side if they have read the evaluation and if you
24   agree with it.
25                MS. HEATH:  Your Honor, the government has
```

```
 1  read the evaluation and does agree with it.
 2            MR. DURDEN:  Your Honor, the defense has
 3  read the evaluation.  Understanding the evaluation's
 4  findings would be that the defendant is not
 5  incompetent.  It's kind of a double negative, but he
 6  is not incompetent, and we don't have anything
 7  further to offer.
 8            We would note that the language on page 6
 9  regarding the narcissistic and paranoid features, it
10  says it's ruled out, but of course the "ruled out"
11  is a term of art.  It doesn't mean ruled out.  I
12  always like when they say that in there.  Because we
13  use the language, "rule out," it does not suggest
14  the diagnosis has been ruled out.
15            THE COURT:  Well, the critical
16  determination here that I want to make sure
17  everybody wholeheartedly, 100 percent, agrees with
18  is that Mr. McGraw is not currently suffering from
19  mental disease or defect rendering him unable to
20  understand the nature and consequences of the
21  proceedings or to properly assist in his defense.
22            That is, of course, the bottom line
23  determination and conclusion.  And I want to make
24  sure -- I think you said you agree with that -- but
25  as his counsel, do you agree with that?
```

1         MR. DURDEN:  Yes, Your Honor.
2         THE COURT:  And Mr. McGraw, you are
3    certainly -- everything I have seen about you -- a
4    very intelligent young man, and I know you
5    understand what we are talking about here.  You
6    underwent the evaluation.  Do you have anything to
7    say about this evaluation, anything that you
8    disagree with or any concerns that you have?
9         THE DEFENDANT:  No, Your Honor.
10        THE COURT:  Okay.  All right.  If not,
11   then -- give me just a moment.
12        The Court adopts the full conclusions or
13   report and ultimate determination by the forensic
14   psychologist that the defendant is not presently
15   suffering -- let me quote specifically -- not
16   presently suffering from a mental disease or defect
17   rendering him unable to assist and unable to
18   understand the nature and consequences of the
19   proceedings against him or to properly assist in his
20   defense.  I'm quoting from page 8 of the report.
21        And so, with that, the Court finds -- so
22   finds, in agreement with the parties and including
23   the defendant, as well as the forensic psychologist,
24   that the defendant is competent to stand trial.  He
25   is competent in those terms that are set forth in

1  the report and as the law understands competency to
2  be defined.
3           And I'm going to then adopt that, that
4  finding, again, relying on the findings,
5  conclusions, recommendation and factual
6  determinations of the forensic psychologist set
7  forth in the November 18th, 2010, report.
8           From here, then, I want to hear from both
9  sides as to where each side thinks we go from here
10 in terms of the conclusion of the case?
11          MS. HEATH:  Your Honor, at this point, we
12 are pending sentencing, and neither party has yet
13 filed their objections to the presentence report.
14          However, in light of the report that we've
15 gotten, that the Court just quoted from, from
16 Dr. Morrow, the government requests that probation
17 have the opportunity to review that report and to
18 update if necessary the presentence report and then
19 start the deadlines over for objections and set a
20 sentencing date in accordance with that.
21          THE COURT:  All right.
22          MR. DURDEN:  Defense would join in that
23 motion, Your Honor.
24          THE COURT:  Okay.  That request is
25 granted.  I agree with that.  I don't know if

```
 1  probation would otherwise be privy to this report,
 2  but they are certainly permitted to review it.
 3              It can't be disclosed or disseminated in
 4  any way, but I will agree with the government --
 5  also agreed to, concurred with by the defense --
 6  that they should have access to it.
 7              The new schedule that I have put in place
 8  in regard to the sentencing, the sentencing is
 9  scheduled for March 10 at 1:30; that's March the
10  10ht at 1:30 in the afternoon.
11              The presentence report now -- and I don't
12  have a specific date, and I agree with the
13  government, so let me ask probation.
14              Do we have probation here?
15              PROBATION OFFICER:  Yes, Your Honor.
16              THE COURT:  Can you tell me what would be
17  a date I could put out here as a presumptive date
18  when you can get that new PSR out.
19              PROBATION OFFICER:  Your Honor, to
20  clarify, one was already submitted.  A presentence
21  report was submitted on July 9th, so the Court wants
22  an addendum to that presentence report?
23              THE COURT:  Well, I think it just needs to
24  reflect, in however it is that you can most
25  efficiently do that, that the presentence report and
```

```
 1  all the findings, conclusions, and recommendations
 2  reflect the probation's review and understanding in
 3  the incorporation of this competency report.
 4              PROBATION OFFICER:  Yes, Your Honor.  Then
 5  probation will submit an addendum, Your Honor, to
 6  the presentence report.
 7              THE COURT:  All right.  And if you don't
 8  mind telling me, so I don't just pin this on you,
 9  what would be a date by which you think you can get
10  this?
11              PROBATION OFFICER:  Your Honor, three to
12  four weeks will be sufficient.
13              THE COURT:  Okay.  Here's what we will do,
14  then.  I'm going to go look at the calendar, and I
15  will submit an amended scheduling order for
16  sentencing with the presumptive date for the
17  amendment, as we just discussed, on a certain date,
18  and then everything else following after that, as we
19  normally do with the objections and the addendum.
20  All right?
21              So disregard the sentencing date.  I think
22  we're going to have to go back to the drawing board
23  and redraw this based upon what we have talked about
24  today.  All right?
25              MR. DURDEN:  Yes, Your Honor.
```

```
 1            THE COURT:  Is there anything else before
 2  we adjourn?
 3            MS. HEATH:  Nothing from the government,
 4  Your Honor.
 5            MR. DURDEN:  Nothing from the defense,
 6  Your Honor.
 7            THE COURT:  Thank you.  All right.  We
 8  will be in recess.
 9               (Court in recess at 1:52 p.m.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**SHAWNIE ARCHULETA, CSR/CRR**
**FEDERAL COURT REPORTER – 214.753.2747**

```
 1                    C E R T I F I C A T E
 2             I, Shawnie Archuleta, CCR/CRR, certify
 3   that the foregoing is a transcript from the record
 4   of the proceedings in the foregoing entitled matter.
 5             I further certify that the transcript fees
 6   format comply with those prescribed by the Court and
 7   the Judicial Conference of the United States.
 8             This 20th day of May 2011.
 9
10
11                           s/Shawnie Archuleta
                             Shawnie Archuleta CCR No. 7533
12                           Official Court Reporter
                             The Northern District of Texas
13                           Dallas Division
14
15
16   My CSR license expires:  December 31, 2011
17   Business address:  1100 Commerce Street
                        Dallas, TX  75242
18   Telephone Number:  214.753.2747
19
20
21
22
23
24
25
```

**SHAWNIE ARCHULETA, CSR/CRR**
**FEDERAL COURT REPORTER – 214.753.2747**