**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | No. 3:09-CR-0210-B |
| ) | |
| **JESSE WILLIAM MCGRAW,** ) | |
| **Defendant.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated November 5, 2012, before the Court for recommendation is the defendant's *Motion for Return of Seized Property and Suppression of Evidence*, received October 29, 2012 (doc. 105). Based on the relevant filings and applicable law, the motion for return of property should be **CONSTRUED** and opened as a new civil action under 28 U.S.C. § 1331, and the motion to suppress should be **DENIED**.

**I. BACKGROUND**

On June 26, 2009, the United States Federal Bureau of Investigation (FBI) arrested the defendant pursuant to a criminal complaint charging him with downloading a malicious code into a protected computer without authorization in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(iv). The FBI also seized certain property from the defendant's vehicle as evidence. The defendant was subsequently indicted for two counts of transmitting a program, code or command into a protected computer without authorization and intentionally causing damage in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i)(II). On May 14, 2010, he entered a plea of guilty to the two-count indictment. The Court sentenced him to concurrent 110- month sentences on each of the two counts in the indictment on March 17, 2011, and entered judgment on March 22, 2011. The defendant appealed but later moved to dismiss the appeal. The Fifth Circuit granted the unopposed motion and dismissed the appeal on February 10, 2012. More than eight

months later, the defendant filed a motion in his criminal case for return of the property seized from his vehicle and for "suppression" of the property as evidence in this criminal case and in any subsequent criminal case.

## II. MOTION FOR RETURN OF PROPERTY

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" may file a motion for return of the property. When the motion is filed in a criminal action that has already concluded, as here, the motion is properly construed as a civil action for the return of property under the court's general equity jurisdiction under 28 U.S.C. § 1331. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). The Court should therefore liberally construe the defendant's motion for return of property as a civil action under § 1331 and direct that it be opened as a new civil case.[1]

## III. MOTION TO SUPPRESS

Rule 12(b)(3)(c) of the Federal Rules of Criminal Procedure provides that a motion to suppress evidence must be filed prior to trial. Failure to file a motion to suppress evidence prior to trial constitutes a waiver of the issue. Fed. R. Crim. P. 12(e); *U.S. v. Ross*, 367 Fed.App'x 519, 529-30 (5th Cir. 2010) (citing *United States v. Chavez-Valencia,* 116 F.3d 127, 129 (5th Cir.1997) ("[T]he failure to raise a suppression issue at trial forecloses a defendant from raising the issue for the first time on appeal.")).

---

[1] Because the defendant's motion is properly construed as civil action, he will be subject to the provisions of the Prison Litigation Reform Act (PLRA) and the required payment of the $350 filing fee either in a lump sum or in installments. *See Pena v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997).

Here, the defendant did not file a motion to suppress prior to trial, so his post-conviction and post-appeal motion to suppress is clearly untimely. He did file a motion to exclude the evidence at trial under Fed. R. Evid. 404 and 403. Even if this motion is construed as a motion to suppress under Rule 12, however, the defendant's subsequent unconditional plea of guilty waived any right he might otherwise have had to challenge a ruling on that motion. *See United States v. Wise*, 179 F.3d 184, 186 (5th Cir.1999) (when "a trial court denies a motion to suppress evidence and the defendant subsequently enters an unconditional plea of guilty, the defendant has waived the right to raise further objection to that evidence."). Nor has the defendant provided any legal basis for suppression of the evidence in any future criminal proceeding or identified any issue that he seeks to preserve in this case. *See Ross*, 367 Fed.App'x at 530 (finding that where defendant made motion to suppress for first time on appeal to preserve issue for "future review" but failed to identify a single argument upon which motion could have been granted if it had been raised timely at the trial level, issue to be preserved was unclear). The defendant's motion to suppress should be denied.

### IV. RECOMMENDATION

The defendant's motion for return of property should be **CONSTRUED** as a civil action seeking the return of property. The Clerk of the Court should be **DIRECTED** to open a new civil case, file the motion as a civil complaint in that case, and directly assign the new case to Judge Jane J. Boyle and Magistrate Judge Irma Carrillo Ramirez. The motion to suppress should be denied.

**SO RECOMMENDED on this 5th day of November, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                         IRMA CARRILLO RAMIREZ
                                                         UNITED STATES MAGISTRATE JUDGE