**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | Criminal No. 3:09-CR-0210-B(BH) |
| § | |
| JESSE WILLIAM McGRAW § | |

**ORDER**

Pursuant to the order of reference dated January 26, 2015, before the Court is the request of Jesse William McGraw ("Defendant") to compel his attorney counsel to provide him materials the attorney obtained from other attorneys that previously represented Defendant, received on January 26, 2015 (doc. 118). Based on the relevant filings and applicable law, the motion is **DENIED.**

**I. BACKGROUND**

Defendant entered a plea of guilty to two counts of Transmitting a Malicious Code in violation of 18 U.S.C. § 1030(a)(5)(A) & (c)(4)(B)(i)(II) on May 14, 2010. (doc. 50.) He was sentenced to a term of imprisonment of 110 months on each count to run concurrently, and judgment was entered on November 22, 2011. (doc. 87.) Although he filed a direct appeal, that appeal was voluntarily dismissed. *United States v. McGraw*, No.11-10302 (5th Cir. Feb. 10, 2012). Defendant later a filed what he titled as a motion to vacate his sentence under 28 U.S.C. § 2255, but the motion only sought to toll the time to file a § 2255 motion, and it was dismissed for want of jurisdiction. (*See* No.3:13-CV-0643-B.)  Defendant did not otherwise file a motion for relief under § 2255.

Defendant now seeks an order compelling the attorney who filed the motion to toll the time to file a § 2255 motion to provide him materials that the attorney obtained from the attorneys that previously represented Defendant in this criminal case. He claims that persons acting on his behalf have requested the materials, but that the counsel has refused such requests. (doc. 118.)

## II. ANALYSIS

A § 2255 movant "'may invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *United States v. Trevino,* 554 F. App'x 289, 295 (5th Cir. 2014) (quoting *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004)). A district court must allow discovery only where a factual dispute that is resolved in the movant's favor would entitle him to relief. *Id.* To obtain discovery, the movant "must set forth specific allegations of fact." *Id.* Here, Defendant has made no specific allegations of fact that would warrant discovery even if his motion had been filed in the context of § 2255 proceeding. *See id.* (affirming district court's denial of motion to compel attorney to produce entire case file to movant in a § 2255 proceeding); *United States v. Smith*, No. 1:03-cr-194, 2012 WL 6628676, *14-15 (W.D. Mich. Dec. 19, 2012) (denying motion in a § 2255 proceeding for order to former counsel to produce items because the motion lacked sufficient factual or legal justification); *see also United States v. Moffitt,* 424 F. App'x 376 (5th Cir. 2011) (finding that it lacked jurisdiction over the movant's appeal of a district court's denial of his motion for an order to his former attorney to provide him a copy of his files so that he could file a § 2255 motion on grounds that he had already sought relief under § 2255).

In addition, Defendant does not present any evidence that the documents he seeks exist, that his attorney has possession of them, that *he* or a new attorney directly sought the evidence from his attorney, or that counsel refused his request for a copy of these materials. *See United States v. Brito,* No. C-07-398, 2008 WL 4747208, *2 (S.D. Tex. Oct. 20, 2008); *see also United States v. Redding*, No. 04-80057, 2011 WL 2078954, *2 (E.D. Mich. May 25, 2011) (noting that the defendant only stated that he had requested the materials but giving no indication that counsel had failed to respond

for an extended period of time, stating "The Court ordinarily does not intervene in the relationship between a party and his counsel, and would act only in the face of an attorney's refusal, persistent disregard, or undue delay in responding to a client's reasonable request for materials or other assistance."). Nor has Defendant provided any authority to support his contention that the Court can issue an order in this closed criminal case to the attorney who represented him in a § 2255 proceeding to provide him with his case file. *See United States v. Tuggle,* 2009 WL 2020846, *2 (S.D. Ill. July 9, 2009) (denying post-judgment motion to compel attorney to provide documents from file for lack of jurisdiction); *United States v. Suarez*, No. 3-20085-01-JWL, 2007 WL 2323362, *1 (D. Kan. Aug. 9, 2007) (finding no authority to compel the attorney to provide the file).

Some courts have liberally construed similar *pro se* motions as requesting a case file directly from the court. *See United States v. McIntyre*, No. 06-20047-3-CM, 2011 WL 3890318, *1 (D. Kan. Sept. 2, 2011) (construing a motion to compel a case file from the attorney as a motion requesting the file from the court) (citing *Suarez*, 2007 WL 2323362, *1). To the extent that Defendant's motion in this case may be similarly liberally construed, it does not appear that the evidentiary materials he seeks are in the court's record. Even if some of the materials are in the record, indigent defendants do not have a constitutional right to free copies of transcripts or other court records for use in a collateral proceeding. *U.S. v. Peralta-Ramirez*, 266 Fed. App'x 360, 361 (5th Cir. 2008) (per curiam) (citing *United States v. MacCollom,* 426 U.S. 317, 325-26 (1976)). Defendants must satisfy the requirements of 28 U.S.C. § 753(f), which "provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue.'" *U.S. v. Davis*, 369 Fed. App'x 546, 546-47 (5th Cir. 2010) (per curiam) (quoting *MacCollom,* 426 U.S. at 320-21)). The Fifth Circuit has made clear that there is no entitlement to a free transcript so that an indigent defendant may conduct a

"fishing expedition" in search of support for a potential §2255 motion. *See United States v. Caravajal*, 989 F.2d 170 (5th Cir.1993); *see also United States v. Herrera,* 474 F.2d 1049, 1049-50 (5th Cir.1974) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Likewise, there is no need for free transcripts to decide issues or claims that have not yet been asserted in a § 2255 motion, as in this case. *See Peralta-Ramirez*, 266 Fed. App'x at 361 (citing *Caravajal*, 989 F.2d at 170); *U.S. v. McNair*, 1:00cr89-DCB, 2011 WL 2194015, *1 (S.D. Miss. June 06, 2011); *Brito*, 2008 WL 4747208, *1 (quoting *Herrera,* 474 F.2d at 1049-50).

### III.  CONCLUSION

The motion to compel is **DENIED**.

**SO ORDERED on this 23rd day of April, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE