# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Offender Under Supervision

| | |
|---|---|
| Name of Offender: | Jesse William McGraw |
| Case No.: | 3:09-CR-210-B(01) |
| Name of Sentencing Judge: | U.S. District Judge Jane J. Boyle |
| Date of Original Sentence: | March 17, 2011 |
| Original Offense: | Count 1: Transmitting a Malicious Code, 18 U.S.C § 1030(a)(5)(A) & (C)(4)(B)(i)(II); Count 2: Transmitting a Malicious Code, 18 U.S.C § 1030(a)(5)(A) & (C)(4)(B)(i)(II) |
| Original Sentence: | 110 months custody, 3 year term of supervised release on each counts 1 and 2 to run concurrently |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 38690-177 |
| Type of Supervision: | Supervised Release |
| Date Supervision Commenced: | July 14, 2017 |
| Assistant U.S. Attorney: | Candina S. Heath |
| Defense Attorney: | John M. Nicholson (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the offender violated the following conditions:

### Previous Court Notifications

None

### I.

### Violation of Standard Condition No. 6

The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

### Nature of Noncompliance

On November 12, 2017, the defendant's wife, Beatriz McGraw, contacted this underwriter and reported the defendant left their residence and she was unaware of his whereabouts. The defendant reportedly sold his vehicle the previous day and made statements to her about leaving the country. Contact was also made with the defendant's sister, who also believed he was planning a trip out of the state. On November 13, 2017, contact was made Mrs. McGraw at her residence to verify whether the defendant had returned home. She indicated he had not and advised he packed a small bag with some personal belongings on November 11, 2017.

On November 13, 2017, contact was also made with the defendant's employer who advised the defendant did not report for work. The defendant's supervisor provided text messages that he received from the defendant advising he would be traveling to Jerusalem to start a new life.

### Violation of Standard Condition No. 2

The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.

### Nature of Noncompliance

The defendant failed to submit a monthly supervision report for the month of November 2017 within the first five days of the month.

## Personal History

On July 14, 2017, Mr. McGraw began his term of supervised release in the Northern District of Texas, Dallas Division. Mr. McGraw appeared to be adjusting well upon his release from custody. He was living with his wife, child, and in-laws and was reporting as directed. Furthermore, he and his wife recently signed a one year lease for an apartment and were scheduled to move in a few weeks. Mr. McGraw was gainfully employed and providing verification of the same on a monthly basis. In addition, he began making his Court ordered payments towards and was adhering to the schedule of payments as ordered.

On November 12, 2017, Mr. McGraw's wife advised he spoke about his religious faith more frequently and the need to serve his higher power in a different manner. He spoke about going to Israel in the future, but she believed it to be a time after completing supervised release. At this time, Mr. McGraw has left his residence and could possibly be attempting to leave the country. Attempts to contact him by this underwriter have been unsuccessful. The communication between Mr. McGraw and his employer appear to be indicative of his intent to leave the country.

Based on the fact that Mr. McGraw's current whereabouts are unknown, it is respectfully requested that a warrant be issued for failure to report a change of address and follow instructions.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) (on each count) |
| **Mandatory Revocation Statutes:** | None |
| **Victim Restitution:** | $31,473.29 |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). (on each count) |

In U.S. v. Gonzales, 250 F.3d 923 (5th Cir. 2001), the Fifth Circuit has ruled in the matter of revocation of concurrent terms of supervised release. The district court does have the authority to revoke concurrent terms of supervised release to consecutive prison terms, pursuant to 18 U.S.C. §§ 3583 & 3584.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §§ 7B1.1(a)(3), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 - 9 months | USSG §7B1.4(a), p.s. |
| **Victim Restitution:** | $31,473.29 | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

Respectfully submitted:

*Bruno D. Perez* (signature)

Bruno Perez
Senior U.S. Probation Officer, Dallas
214-753-2537

Approved by:

*Amber B. Dunn* (signature)

Amber B. Dunn
Supervising U.S. Probation Officer
214-753-2487

November 15, 2017
BP

**Order of the Court:**

[✓] No action.

[✓] The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

[ ] The Issuance of a Summons

[ ] Other or Additional: _____

[ ] File under seal until further order of the Court.

The Honorable Jane J. Boyle
U.S. District Judge

11-15-17
Date