IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES | |
| V. | NO. 3:09-CR-210-B |
| JESSE WILLIAM MCGRAW | |

MOTION TO REVOKE SUPERVISED RELEASE

The United States, acting by and through the undersigned United States Attorney for the Northern District of Texas, moves to revoke the Supervised Release of Jesse William McGraw. In support of this motion, the government adopts and re-urges the Petition and Supplemental Petition for Offender Under Supervision (Petitions) filed by the United States Probation Office (USPO) on November 15, 2017 (Document 121) and December 18, 2017 (Document 132).

Pursuant to 18 U.S.C. § 3583, "[t]he court may . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release." The government herein contends that the Petitions filed by the USPO establish by a preponderance of the evidence that McGraw violated his conditions of supervised release.

**Government's Motion to Revoke Supervised Release – Page 1**

Additionally, the government contends that McGraw further violated the following special conditions of his supervised release:

- The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer(s). The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. *The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program.* The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software may be disabled or removed at any time during the term of supervision at the discretion of the probation officer. (Emphasis added)

- The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

- The defendant shall provide the probation officer with accurate information about his/her entire computer system.

- The defendant shall not install new hardware, perform upgrades, or effect repairs on his/her computer system, without receiving prior permission from the probation officer.

- The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name, designation, or an alias.

McGraw's supervision commenced on July 14, 2017. On or about July 22, 2017, McGraw began posting on a Facebook.com account under the name(s) מכגרה אשר בן י or Yishai Ben-Asher with the following URL -

https://www.facebook.com/Yishai.Ben.Asher?hc_ref=ARTcOxA1V_fwYcU_NKgBTQrVCheYBgqi5CUNzjWib-ocfoNi6jfMdK0Ad9GNyWCvATo.  McGraw posted regularly

**Government's Motion to Revoke Supervised Release – Page 2**

on this Facebook.com account until his arrest on November 18, 2017. Attached as Exhibit A are screenshots of excerpts of McGraw's Facebook.com account. On or about January 22, 2017, McGraw created a YouTube.com account under the name Yishai Ben-Asher McGraw. Attached as Exhibit B is a screenshot of McGraw's YouTube.com account and the "about" page for the account.

The USPO advised the undersigned of the following:

1. The USPO did not authorize McGraw, or give him permission to use a computer;
2. The USPO was unaware during his supervision that McGraw used a computer;
3. The USPO was unaware during his supervision that McGraw used the names Yishai Ben-Asher or Yishai Ben-Asher McGraw;
4. The USPO did not give McGraw permission to set up and use any online accounts at Facebook.com or YouTube.com;
5. McGraw's wife advised the USPO that after McGraw was released on his terms of supervised release, (a) she bought a Metro cellular telephone in August or September 2017 for him, (b) McGraw occasionally used her laptop, and (c) McGraw downloaded Linux software on her laptop; and
6. The USPO did not give McGraw permission to install Linux software on any computer.

In conclusion, this Honorable Court should find by a preponderance of the evidence that McGraw committed the violations as alleged in the Petitions filed by the USPO and in this motion. The government further requests that this court revoke

McGraw's term of supervised release, and require him to serve in prison all or part of the term of supervised release.

    Respectfully submitted,

    ERIN NEALY COX
    UNITED STATES ATTORNEY

    /S/*Candina S. Heath*
    CANDINA S. HEATH
    Assistant United States Attorney
    State of Texas Bar No. 09347450
    1100 Commerce Street, 3rd Floor
    Dallas, Texas  75242
    Tel: 214-659-8600
    Fax: 214-767-2846
    candina.heath@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on December 19, 2017, I filed the foregoing document with the clerk for the U.S. District Court, Northern District of Texas.  McGraw's attorney of record received a copy of this motion via the District Court's CM/ECF system.  Additionally, I emailed a copy of the motion to McGraw's attorney of record.

    /S/*Candina S. Heath*
    CANDINA S. HEATH
    Assistant United States Attorney