```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION

UNITED STATES OF AMERICA,  )
                           )
       Plaintiff,          )
                           )
vs.                        ) 3:09-CR-00210-B-1
                           )
JESSE WILLIAM MCGRAW,      )
                           )
       Defendant.          )

                  REVOCATION HEARING
        BEFORE THE HONORABLE JANE J. BOYLE
           UNITED STATES DISTRICT JUDGE
                 SEPTEMBER 13, 2018

              A P P E A R A N C E S
```

For the Government:

    UNITED STATES ATTORNEY'S OFFICE
    1100 Commerce Street - 3rd Floor
    Dallas, TX  75242
    214/659-8600
    BY:  CANDINA HEATH

For the Defendant:

    BURLESON PATE & GIBSON
    900 Jackson Street - Suite 330
    Dallas, TX  75202
    214/871-4900
    BY:  PAUL TALIAFERRO LUND

COURT REPORTER:   SHAWNIE ARCHULETA, TX CCR No. 7533
                  1100 Commerce Street
                  Dallas, Texas 75242

proceedings reported by mechanical stenography,
transcript produced by computer.

```
 1                  (In open court at 3:20 p.m.)
 2                  THE COURT:  Last case of the day.
 3                  Ms. Heath for the government.
 4                  MS. HEATH:  Yes.
 5                  THE COURT:  And Mr. Lund for the
 6      defendant.
 7                  MR. LUND:  Yes, Your Honor.
 8                  THE COURT:  Good afternoon.
 9                  (Defendant enters the courtroom).
10                  THE COURT:  Mr. McGraw, as you know, you
11      are here because it's alleged that you have violated
12      the conditions of your release.  Do you understand
13      that?
14                  THE DEFENDANT:  Yes, ma'am, I do.
15                  THE COURT:  Have you read all of the --
16      have you read the petition that has brought you back
17      in court today?
18                  THE DEFENDANT:  Yes, I have.  Thank you.
19                  THE COURT:  You have a right to have the
20      full petition read to you in open court, or you can
21      waive that right.  How do you wish to proceed?
22                  THE DEFENDANT:  Let's waive that, please.
23                  THE COURT:  Okay.  Have you talked to your
24      attorney about how you are going to plead to these
25      charges?
```

```
 1                THE DEFENDANT:  Yes, we have discussed it.
 2                THE COURT:  Mr. Lund, how is he going to
 3    plead to these charges?
 4                MR. LUND:  He will plead true, Your Honor.
 5                THE COURT:  So I find by a preponderance
 6    of the evidence that he has committed the violations
 7    alleged in the new petition, that being the petition
 8    filed 8/23.  And the question is the question of
 9    punishment.
10                So Mr. Lund, go ahead.
11                MR. LUND:  Your Honor, I will be brief
12    with regards to this case --
13                THE COURT:  Can you pull the microphone
14    closer to your mouth?  Okay.
15                MR. LUND:  Apologies.  Is that better,
16    Your Honor?
17                THE COURT:  Yes.
18                MR. LUND:  I will be brief with regard to
19    this case.  It is his second violation.  However, I
20    would note that there is only one violation that he
21    simply did not report when he was required to
22    initially upon his release.  It is a Grade C
23    violation, the lowest possible.
24                He is also a criminal history category I,
25    the lowest possible.  We're looking at a guideline
```

```
 1   range of three to nine months.  And in light of the
 2   fact that during the time period that he did not
 3   report, he was free in the world and did not commit
 4   any other offenses, and nothing has been alleged as
 5   such by the government, so I would ask for a
 6   guideline sentence of three to nine months.
 7            THE COURT:  Thank you.
 8            Let me hear from Mr. McGraw.
 9            MR. LUND:  Your Honor, Mr. McGraw and I
10   discussed previously he would rather me represent
11   him and not speak at this hearing, if that's all
12   right with the Court.
13            THE COURT:  Is that correct, Mr. McGraw?
14            THE DEFENDANT:  Yes, Your Honor, that is
15   correct.
16            THE COURT:  If I can have you step aside
17   and let me hear from the government.
18            MS. HEATH:  Your Honor, this is the second
19   time that Mr. McGraw has been in court for the
20   purpose of a supervised release revocation, both of
21   them for the same reason; he immediately flees and
22   attempts to leave the country.  He has no intention
23   whatsoever of being supervised on any sort of
24   supervised release situation.
25            This is a perfect case for the situation
```

```
 1  that the defendant is admonished when he pleads
 2  guilty and when he is sentenced, that he could be
 3  sentenced to the entire term of supervised release
 4  for a violation of supervised release.  Since he
 5  does not intend to comply with supervised release in
 6  the future, it is ridiculous to then impose another
 7  term of supervised release.  So it would be the
 8  government's request for -- for no other term of
 9  supervised release to be imposed but for him to be
10  sentenced to the entire remaining term of supervised
11  release in prison.
12              THE COURT:  And that being?
13              MS. HEATH:  That would be 30 months.
14              THE COURT:  I think it's two years, isn't
15  it?
16              MS. HEATH:  I think two years is the
17  statutory max per count.  He pled to two counts.
18  And the supervised release maximum, the reimposition
19  would be 30 months, because it's three years minus
20  the six months.
21              THE COURT:  Okay.  It's 30 months and not
22  two years; is that right?
23              USPO:  Yes, Your Honor.
24              THE COURT:  Okay.  Thank you very much.
25              MS. HEATH:  Thank you.
```

```
 1              MR. LUND:  May I respond to that, Your
 2   Honor?
 3              THE COURT:  Yes, you may.
 4              MR. LUND:  A 30-month sentence would be
 5   more than triple the high end of the advisory range.
 6   I understand that this has happened before, but at
 7   the same time that seems like a grossly excessive
 8   punishment.  There has been no prior pleading or
 9   anything else in terms of case law cited by the
10   government to support that kind of a notion.  And
11   instead, we would ask for a guideline sentence.
12              And I would note, Judge, that of course
13   the Court can admonish him again.  And certainly
14   he's being punished now.  He's been in the custody
15   of Mansfield for the last month or so.  That's a
16   far, far worse place to spend your time as opposed
17   to a low level Bureau of Prisons facility, which is
18   where he would likely go for whatever sentence the
19   Court deems to impose.  So I would ask the Court to
20   consider that.
21              THE COURT:  Mr. Lund, I really am
22   sympathetic to what you have to say if it weren't
23   the second time and if there weren't so many
24   indicators that he's not going to comply.  So I
25   consider what you say, but I'm not going to follow
```

```
 1  it.  I'm going to give him the 30 months and no
 2  other supervision.
 3          I -- I know that's high.  It's higher than
 4  I would like, but it's -- it's -- I think it's
 5  appropriate under the circumstances of this case,
 6  because he is not going to comply with anything.
 7          So I will give him 30 months.  No more
 8  supervised release.  You have a right to appeal this
 9  sentence.  You can -- if you decide to appeal, you
10  are entitled to court-appointed counsel to represent
11  you on the appeal.  You have to file an appeal
12  within two weeks of the date the Court enters
13  judgment of the case, which will probably be
14  tomorrow or Monday.
15          Mr. McGraw, any questions?
16          THE DEFENDANT:  No, Your Honor, no
17  questions.
18          THE COURT:  Mr. Lund, any questions?
19          MR. LUND:  Note our objection for the
20  record, Your Honor.
21          THE COURT:  I note your objection.
22          Anything from the government?
23          MS. HEATH:  No, Your Honor.
24          THE COURT:  All right.  We are in recess.
25          Mr. McGraw is remanded to custody.
```

```
 1              (Court in recess at 3:24 p.m.)
 2
 3
 4                   C E R T I F I C A T E
 5          I, Shawnie Archuleta, CCR/CRR, certify
 6  that the foregoing is a transcript from the record
 7  of the proceedings in the foregoing entitled matter.
 8          I further certify that the transcript fees
 9  format comply with those prescribed by the Court and
10  the Judicial Conference of the United States.
11          This 20th day of November 2018.
12
13
14                      s/Shawnie Archuleta
                        Shawnie Archuleta CCR No. 7533
15                      Official Court Reporter
                        The Northern District of Texas
16                      Dallas Division
17
18
19  My CSR license expires:  December 31, 2018
20  Business address:  1100 Commerce Street
                       Dallas, TX  75242
21  Telephone Number:  214.753.2747
22
23
24
25
```